FILED
JAN 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL E. LIPSCOMB** <br> 10414 Gloucester Lane <br> Cheltenham, Maryland 20623 <br><br> Plaintiff, <br><br> v. <br><br> **DONALD C. WINTER** <br> Secretary of the Navy <br> Office of the Secretary <br> 1000 Navy Pentagon <br> Washington, D.C. 20350-1000 <br><br> Defendant. | CASE NUMBER 1:07CV00103 <br><br> JUDGE: John D. Bates <br><br> DECK TYPE: Employment Discrimination <br><br> DATE STAMP: 01/16/2007 |

JURY ACTION

## COMPLAINT
### Title VII Violation (Discrimination)

JURISDICTION

1. The Court has jurisdiction over this action pursuant to 42 U.S.C. 2000e.

PARTIES

2. Plaintiff, Mr. Michael E. Lipscomb, is a United States Citizen who is employed as a GS-1173-09 Housing Manager with the Navy Family Welcome Center, Naval Support Activity Washington, Bldg. 414, Anacostia Annex, 2691 Mitscher Road, S.W., Washington, D.C. 20373-5808.

3. Defendant, Donald C. Winter, is the Secretary of the Navy, a federal agency.

PROCEDURAL REQUIREMENTS

4. After Plaintiff filed his Formal United States Equal Employment Opportunity

1

Commission Complaint of Discrimination on June 22, 1999, the case was assigned to an Administrative Judge for hearing.[1]

5. The Agency filed a motion for summary judgment, and in February 2005, Plaintiff responded to the motion and filed a cross motion for summary judgment.

6. On March 23, 2005, in a three page opinion, the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") granted the Agency's Motion for Summary Judgment. **Exhibit "A"**

7. With the Agency failing, for months, to issue a final order and notify the Plaintiff that it would fully implement the decision, Plaintiff filed his direct appeal from the March 23, 2005 EEOC Decision on September 22, 2005.

8. EEOC acknowledged receipt of the appeal on October 13, 2005.

9. After not hearing from EEOC in over a year, in December 2006, Plaintiff's counsel sent them a letter regarding the status of the appeal. **Exhibit "B"**

10. On January 5, 2007, EEOC mailed Plaintiff's counsel, for the first time, an October 17, 2006 EEOC Decision, upholding its March 23, 2005 Decision, hence making the summary judgment granted to the Agency in 2005 final. **Exhibit "C"**

FACTS

## COUNT I
### Race Discrimination

---

[1] Plaintiff's EEOC Complaint was on the basis of race, sex, disability, and religion. Upon filing his formal response to the Agency's motion for summary judgment in February 2005, he abandoned his disability and religion claims.

11. After Plaintiff received an "Outstanding" appraisal and recommendation for a promotion from his retiring supervisor, the new supervisor (Caucasian) immediately began treating him in a disparate, discriminatory, manner.

12. One, Plaintiff was harshly criticized for a high number of telephone calls from his office desk even though [1] the official policy does not limit the number of calls, [2] 80% of Plaintiff's job responsibilities lie outside of the office, and [3] Caucasians who made excessive calls and needed to reimburse the Agency were not criticized similarly.

13. Two, Plaintiff was given a rating of "Acceptable" regarding work assignments and meeting deadlines, but for this same rating period, he was counseled, monitored, and eventually deprived of his promotion when one resident complained, despite the fact that the Performance Appraisal Review System accounts for at least "two valid customer complaints." No Caucasian in his office was deprived of a promotion when the work performed was within the parameters of the Performance Appraisal Review System.

14. Three, Plaintiff was investigated, reassigned, and deprived of his recommended promotion, for an <u>alleged</u> incident of sexual harassment even though the accuser [i] refused to provide an affidavit of the accusation, [ii] refused to give a sworn letter or statement about the accusation, and [iii] refused to clearly testify, under oath, concerning the alleged sexual harassment.

15. Four, after Plaintiff was reassigned, the promotion he was recommended for was given to a Caucasian he trained. To justify the appointment, Plaintiff was informed he did poorly in a temporary GS-11 position he was detailed to. However, such an

evaluation violated explicit government policy and hence was illegitimate.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows: [a] promotion to GS-11 and [b] back pay starting from October 1997 to the present, plus interest, attorney's fees, and the costs of this action.

## COUNT II
### Sex Discrimination

16. Plaintiff adopts by reference the allegations contained in paragraphs 1-15 of this Complaint with the same effect as if herein fully set forth.

17. After a female customer stated Plaintiff was "not Flag Housing material", his supervisor used similar words to criticize him by saying she did not think "he was suited for his position in Flag Housing."

18. When a female accused Plaintiff of sexual harassment without providing an affidavit, sworn statement, or any communication under the penalty of perjury, his supervisor harshly criticized him, reassigned him, and gave the promotion he was recommended for to a female.

19. Plaintiff's supervisor made numerous false, unsolicited, male-condemning statements about him such as "[a] He was very forthcoming about his vasectomy. [b] He indicated that his sperm count was still too high after the vasectomy. [c] I do not know why he was not disciplined for the MS2 Arthur incident."

20. Plaintiff's supervisor referenced Plaintiff's brother as a convicted rapist in giving sworn testimony about the accusation made against Plaintiff regarding sexual harassment.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows: [a] promotion to GS-11 and [b] back pay starting from October 1997 to the present, plus interest, attorney's fees, and the costs of this action.

### COUNT III
Hostile Environment

21. Plaintiff adopts by reference the allegations contained in paragraphs 1-20 of this Complaint with the same effect as if herein fully set forth.

22. Upon Plaintiff's new supervisor's arrival, his evaluation went from "Outstanding" down to "Exceeds Fully Successful" down to "Acceptable" down to Re-assignment.

23. Plaintiff received[1] unprecedented criticism for telephone usage that did not violate office policy, [2] unprecedented criticism, counseling, and monitoring due to one resident complaint even though such is not called for by the Performance Appraisal Review System, [3] unprecedented criticism inconsistent with the overall rating of his evaluation, [4] an investigation for sexual harassment when no affidavit or sworn statement existed from the accuser, and [5] a policy-violating negative evaluation in a temporary GS-11 position, used to justify not promoting Complainant.

24. The unprecedented (inconsistent with written policy) criticisms Complainant received created an environment so hostile that he recognized it as so and filed a formal EEOC Complaint.

25. For the first time in Complainant's history of work, according to this new supervisor, he could not "complete simple tasks in all elements."

26. Complainant's environment became so hostile and stressful that it caused [i] recurrence of his Crohns disease, [ii] emotional stress, and [iii] difficulty in doing his job.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows: [a] promotion to GS-11, [b] back pay starting from October 1997 to the present, and [c] compensatory damages of three hundred thousand dollars ($300,000.00), plus interest, attorney's fees, and the costs of this action.

I solemnly affirm under the penalty of perjury that the contents of the foregoing Complaint are true to the best of my knowledge, information, and belief.

*Michael E. Lipscomb*
Michael E. Lipscomb


Respectfully submitted,

*Rev. Rickey Nelson Jones*
Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey Nelson Jones, Esquire
3rd Floor – Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
Bar #: MD12088

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

*[signature]*
Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey Nelson
Jones, Esquire
3rd Floor – Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
Bar #: MD12088

Attorney for Plaintiff



EXHIBIT A

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington Field Office
1801 L Street, N.W., Suite 200
Washington, D.C. 20005

| | | |
|---|---|---|
| Michael E. Lipscomb, | ) | |
| Complainant, | ) | EEOC No. 100-2004-00795X |
| v. | ) | |
| U.S. Department of the Navy, | ) | Agency No. DON-99-68469B-001 |
| Agency. | ) | Date: March 23, 2005 |

## DECISION

This Decision is issued pursuant to 29 C.F.R. § 1614.109(g) (2000). This office issued an Acknowledgment Order on January 7, 2005. The Agency filed its Agency Motion for Summary Judgment and Dismissal on February 4, 2005(Agency Motion). Complainant filed his response to the Agency's Motion for Summary Judgment on February 23, 2005.

## ISSUE

The issue is whether the Agency discriminated against Complainant on the bases of his sex (male), race (Black), religion (Baptist) and disability (Crohn's disease) when:

1. He was subjected to continuous and on-going harassment by management officials beginning March 4, 1999, which included being accused of abusing his telephone privileges, having his supervisor label him inadequate in the performance of his duties & having the Agency investigate him regarding possible sexual harassment; and
2. On or about April 21, 1999, he was denied a promotion to Housing Manager, GS-1173-11.

*Agency Acceptance Letter (12/13/99).*[1]

07 0103

---

[1] In his Complainant's Response to Agency's Motion for Summary Judgment he indicated that he wished to withdraw religion and disability as bases for his Complaint. *See Complainant's Motion* at 2.

**FILED**

JAN 16 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Complainant has satisfied the procedural prerequisites for a hearing, but the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). I find that the agency did not discriminate against Complainant.

## ANALYSIS

The burden of establishing a *prima facie* case is not onerous. To establish a *prima facie* case of disparate treatment, a Complainant may demonstrate that he/she was treated less favorably than a similarly situated employee outside his/her protected group. *Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978). Absent comparative data, Complainant may also establish a *prima facie* case by setting forth sufficient evidence to create an inference of discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), n. 6; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

If Complainant establishes a *prima facie* case of discrimination, the burden then is on the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-54 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the Agency does so, the *prima facie* inference drops from the case. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 510-11 (1993). Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *Hicks*, 509 U.S. at 511; *Burdine*, 450 U.S. at 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact that the agency unlawfully discriminated against her. *Hicks*, 509 U.S. at 511; *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

I find that the Agency's Motion for Summary Judgment correctly states the material facts and applicable legal standards. There are no *genuine* issues of *material* fact or credibility that require resolution at a hearing.[2] Summary judgment in favor of the Agency is therefore appropriate for the reasons stated in the Agency's motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The Agency Motion goes on to accurately indicate that Complainant failed to adequately rebut the Agency's articulated, non-discriminatory reasons for its actions. Complainant was given temporary promotion to GS-11 for a 90 day period, but was found to have performed unsuccessfully - an assessment shared by both his temporary and permanent supervisors. *Agency Motion* at 3, 9. Complainant, as well as three other employees were required to reimburse the Agency for excessive phone usage. Complainant's required reimbursement amount was $190.31, while the other three

---

[2] Both Complainant and his then representative refused to testify or participate in the Agency's investigation of his complaint. *Agency Motion at 3; ROI* at pg. 326.

-2-

employees were required to pay $117.59, $76.44 and $28.28, respectively. *Id.* at 3. Finally, the record reflects that the Agency's investigation of Complainant regarding a possible act of sexual harassment was not motivated by discriminatory animus, but by Agency's pursuit of it's responsibility under the law to take prompt and appropriate action to investigate possible act(s) of sexual harassment. *Id.* at 8.

Complainant has failed to set forth adequate material evidentiary facts that support his/her allegations of discrimination. Conclusory assertions that the agency's intention(s) and motivation(s) are questionable are not enough to withstand a summary judgment motion. *Goldberg v. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1987); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365(4th Cir. 1985).

After a careful review of the sworn witness statements and the documentary evidence in the ROI, I find that the totality of the record fails to sustain Complainant's claim that s/he was discriminated against. Accordingly, the Agency's Motion for Summary Judgment is hereby **GRANTED**.

_____
Varice F. Henry
Administrative Judge

-3-




*Law Offices of*
# Reverend Rickey Nelson Jones, Esq.

20 December 2006

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

EXHIBIT __B__

    RE:   Docket #:   01A60114
             Agency No.: 9968469B001
             Filed:       092205
             <u>Michael E. Lipscomb v. U.S. Department of the Navy</u>

Dear Sir or Madam:

    This letter is written for the purpose of finding out the status of my client's appeal. Since over a year has elapsed since the appeal, please provide me with a written response to this inquiry. My client has asked to know at least the status. Thank you.

                                Respectfully,

                                Rev. Rickey Nelson Jones, Esq.

07 0103

**FILED**

JAN 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

*1701 Madison Avenue, 3rd Floor--Suite 5, Baltimore, Maryland 21217*
*Main #: 410-462-5800 --- Fax #: 301-362-7459*

EXHIBIT C



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

JAN 0 5 2007

Michael E. Lipscomb
8500 Ritchie Marlboro Road
Forestville, MD 20747

    RE:   *Michael E. Lipscomb v. Department of the Navy*
             Appeal No. 01-2006-0114

Dear Mr. Lipscomb:

This is in reference to your request for a copy of the decision issued by the Commission in the above-referenced docket number. Enclosed is a copy of the Commission's decision.

                                           Sincerely,

                                           Lori Grant
                                           Acting Chief
                                           Intake Section

    cc:    Department of the Navy

Enclosure

07 0103

**FILED**

JAN 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Michael E. Lipscomb,
Complainant,

v.

Dr. Donald C. Winter,
Secretary,
Department of the Navy,
Agency.

Appeal No. 01A60114

Agency No. DON-99-68469B-001

Hearing No. 100-2004-00795X

DECISION

On September 22, 2005, complainant filed an appeal concerning his equal employment opportunity (EEO) complaint claiming that he was the victim of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.*

On March 31, 1999, complainant initiated contact with an agency EEO Counselor claiming that he was the victim of unlawful employment discrimination on the bases of race (African-American), sex (male), religion (Baptist), and disability (Crohn's disease)[1]. Informal efforts to resolve complainant's concerns were unsuccessful.

On June 28, 1999, complainant filed the instant formal EEO complaint. Therein, complainant raised two claims that were identified as follows:

1. Complainant was subjected to continuous and on-going harassment by management officials beginning March 4, 1999, which included being accused of abusing his

---

[1] The Commission presumes for purposes of analysis only and without so finding, that complainant is an individual with a disability.

                                        2                                    01A60114

    telephone privileges; having his supervisor label him inadequate in the performance of his duties; and having the agency investigate him regarding possible sexual harassment; and,

2. on or about April 21, 1999, he was denied a promotion to Housing Manager, GS-1173-11.

At the conclusion of the investigation, complainant received a copy of the investigative report and requested a hearing before an EEOC Administrative Judge (AJ). On March 23, 2005, the AJ issued a decision without a hearing finding no discrimination. When the agency failed to issue a final order within forty days of receipt of the AJ's decision, the AJ's decision finding of no discrimination became the agency's final action, pursuant to 29 C.F.R. § 1614.109(i).

In his decision, the AJ determined that the agency articulated a legitimate, nondiscriminatory reason for its actions. The AJ found that management indicated that complainant was given a temporary promotion to GS-11 for a 90-day period, but that he was found to have performed unsuccessfully, and therefore was not promoted. Regarding the claim relating to telephone usage, the AJ found that complainant and three other employees were required to reimburse the agency for excessive telephone usage. The AJ noted that complainant's reimbursement amount was $190.31, while the other three employees were required to pay $117.59, $76.44 and $28.28, respectively. The AJ also found that the agency's investigation of a possible act of sexual harassment by complainant was not motivated by discrimination, but by the agency's duty to investigate possible acts of sexual harassment.[2] Finally, the AJ found that complainant did not establish that the agency's articulated reason was a pretext for discrimination.

The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact. 29 C.F.R. 1614.109(g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure. The U.S. Supreme Court has held that summary judgment is appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. *Id.* at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. *Id.* at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett*, 477 U.S. 317, 322-323 (1986); *Oliver v. Digital Equipment Corporation*, 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of a case. If a case

---

[2] The investigation was initiated following an incident where complainant purportedly initiated a discussion with a female employee regarding various methods of birth control, and addressed his own experiences relating to this issue.

can only be resolved by weighing conflicting evidence, summary judgment is not appropriate. In the context of an administrative proceeding, an AJ may properly consider summary judgment only upon a determination that the record has been adequately developed for summary disposition.

A claim of disparate treatment is examined under the three-part analysis first enunciated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). For complainant to prevail, he must first establish a *prima facie* case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, *i.e.*, that a prohibited consideration was a factor in the adverse employment action. *See McDonnell Douglas*, 411 U.S. at 802; *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Once the agency has met its burden, the complainant bears the ultimate responsibility to persuade the fact finder by a preponderance of the evidence that the agency acted on the basis of a prohibited reason. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

This established order of analysis in discrimination cases, in which the first step normally consists of determining the existence of a *prima facie* case, need not be followed in all cases. Where the agency has articulated a legitimate, nondiscriminatory reason for the personnel action at issue, the factual inquiry can proceed directly to the third step of the *McDonnell Douglas* analysis, the ultimate issue of whether complainant has shown by a preponderance of the evidence that the agency's actions were motivated by discrimination. *See U.S. Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-714 (1983); *Hernandez v. Department of Transportation*, EEOC Request No. 05900159 (June 28, 1990); *Peterson v. Department of Health and Human Services*, EEOC Request No. 05900467 (June 8, 1990); *Washington v. Department of the Navy*, EEOC Petition No. 03900056 (May 31, 1990).

After a careful review of the record, the Commission finds that summary judgment was appropriate, as no genuine dispute of material fact exists.

The Commission notes that on appeal, complainant argues that the agency deviated from its policy by denying him a promotion based on his performance while in a temporary promotion. Even if it were determined that management applied the incorrect procedure and/or policy in the promotion process, this by itself, is insufficient to support an inference of discrimination. *See Page v. Bolger*, 645 F.2d 227 (4th Circ. 1981), Cert. denied, 454 U.S. 892 (1981). According to his supervisor, complainant's performance was unacceptable for a promotion based on his poor performance in the areas of "management" and "customer communications." Complainant has not proven that the agency's reasons for his non-promotion are a pretext for discrimination.

Complainant asserts that he was improperly criticized for the usage of the agency's telephones. However, complainant has not demonstrated that the agency's action of informing him about

- 4                                                                    01A60114

his telephone usage was for discriminatory reasons, and not because of documented information that his telephone usage exceeded that of other employees. The Commission further notes that the agency informed other employees with telephone privileges to use the telephones only for official calls, and to reimburse the agency for personal usage.

Finally, concerning the agency's investigation regarding a possible sexual harassment claim, the record contains no evidence that complainant was disciplined as result of that investigation. We note that the agency has an affirmative duty to investigate sexual harassment claims.

We find that the AJ's decision properly summarized the relevant facts and referenced the appropriate regulations, policies, and laws. Further, construing the evidence most favorable to complainant, we find that complainant failed to present evidence that any of the agency's actions were motivated by discriminatory animus toward complainant's protected classes.

Accordingly, the agency's final action implementing the AJ's finding of no discrimination is **AFFIRMED**.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

5                                                              01A60114

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within **ninety (90) calendar days from the date that you receive this decision**. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").**

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

OCT 1 7 2006
_____
Date

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS** Michael E. Lipscomb

**DEFENDANTS** Donald C. Winter, Secretary of the Navy, Office of the Secretary

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Washington, D.C.
(IN U.S. PLAINTIFF CASES ONLY)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Law Offices of Reverend Rickey Nelson Jones, Esq, 3rd Floor - Suite 3, 1701 Madison Avenue, Baltimore, MD 21217, 410-462-5810

CASE NUMBER 1:07CV00103
JUDGE: John D. Bates
DECK TYPE: Employment Discrimination
DATE STAMP: 01/16/2007

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF AND DEFENDANT

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ Multi district Litigation
☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. 2000e (Discrimination on basis of race & sex. Also Hostile Environment)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction) ☐ YES ☒ NO  If yes, please complete related case form.

DATE 1/16/07   SIGNATURE OF ATTORNEY OF RECORD *Rev. Dickey Nelson Jones*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.