**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL E. LIPSCOMB, | * |
| Plaintiff, | * |
| v. | *  Civil Action No.: 07-0103 (JDB) |
| DONALD C. WINTER, Secretary of the Navy, | * |
| Defendant. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RULE 37 MOTION TO COMPEL**

Mr. Michael E. Lipscomb, Plaintiff, by and through his counsel, Rev. Rickey Nelson Jones, pursuant to Fed.R.Civ.P, Rule 37, hereby moves to compel Defendant Donald C. Winter, Secretary of the Navy, to provide non-evasive interrogatories answers and to provide requested documents. As grounds therefor, he says:

1. On July 30, 2007, Plaintiff served his interrogatories and request for production of documents on Defendant. Exhibit "A"

2. Pursuant to Fed.R.Civ.P, Rules 33(b) and 34(b), responses were due August 29, 2007. Defendant did respond a few days after the deadline, which Plaintiff gladly excused.

3. Upon review of the responses provided, Plaintiff was surprised at [i] the evasive answers to interrogatories (and non-answers) and [ii] the complete failure to provide any requested documents.

4. On September 17, 2007, Plaintiff wrote Defendant a detailed letter outlining its failures at responding to discovery, and the need to respond. Exhibit "B"

5. Counsel for Plaintiff spoke with counsel for Defendant over the telephone during the first week of October regarding the discovery issue and received assurance that Defendant would seek to respond. Exhibit "C"

6. Defendant sent Plaintiff an e-mail on October 11, 2007 referencing the earlier conversation and assuring, again, Defendant's effort to respond and anticipation of doing so by "the end of next week." Exhibit "C"

7. By October 29, 2007, exactly two months from the date discovery responses were due, Plaintiff had not received meaningful responses to his interrogatories (or responses at all to some), nor had Plaintiff received any requested documents.

8. On Friday, October 26, 2007, Plaintiff's counsel received an e-mail from Defendant's counsel, asking that Plaintiff call her on Monday, October 29, 2007 at a particular telephone number.  When counsel for Plaintiff called the number that morning, no one answered the telephone.  Consequently, counsel for Plaintiff sent a responsive e-mail indicating his plan to file a motion to compel, reluctantly.

9. On the afternoon of October 29, 2007, Plaintiff received an e-mail from Defendant seeking to talk further, **but** with a claim that Defendant had already responded to discovery.

10. Due to the pending November 28th Status Conference, Defendant's apparent stubbornness, and the prejudicial effect the delay has had on preparing Plaintiff's case, this present motion seems like the only avenue for Plaintiff to get requested information.

**WHEREFORE,** Plaintiff respectfully requests

[1]   that all interrogatories to which Defendant evaded or failed to answer be taken as established <u>favorably</u> for Plaintiff,

[2]   that default judgment be entered against Defendant for its failure to produce any requested documents or such documents be produced within 24 hours, and

[3]   that all costs and attorney's fees for filing this motion (along with efforts to bring Defendant in compliance with the Rules) be paid by Defendant (namely, costs of $8.95 and Attorney's Fees of $420.00 [3 ½ hours @ $120.00 per hour]).

/s/
Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey
     Nelson Jones, Esq.
3rd Floor — Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
MD Bar #: 12088

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL E. LIPSCOMB,** * | |
| * | |
| Plaintiff, * | |
| * | |
| v. * | Civil Action No.: 07-0103 (JDB) |
| * | |
| **DONALD C. WINTER,** * | |
| Secretary of the Navy, * | |
| * | |
| Defendant. * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# ORDER

Upon "Plaintiff's Rule 37 Motion To Compel" it is this ___ day of _____, 2007, by the United States District Court for the District of Columbia

ORDERED that Plaintiff motion is **GRANTED** and

[1]  all interrogatories to which Defendant evaded or failed to answer be, and hereby are, established favorably for Plaintiff,

[2]  that default judgment be, and hereby is, entered in favor of Plaintiff unless Defendant produces all requested documents within 24 hours from the date of this Order, and

[3]  all requested costs and attorney's fees for filing this motion be, and hereby is, to be paid by Defendant within seven (7) days from the date of this Order.

_____ JUDGE

Copies to:

Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey Nelson
    Jones, Esquire
3rd Floor – Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217

*Attorney for Plaintiff*

Ms. Claire Whitaker
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W. – Rm. E4204
Washington, D.C. 20503

*Attorney for Defendant*

**Statement Of Points And Authorities**

Federal Rules of Civil Procedure, Rule 37(a)

Federal Rules of Civil Procedure, Rule 37(b)

Federal Rules of Civil Procedure, Rule 37(d)

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAEL E. LIPSCOMB,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: 07-0103 (JDB) |
| | * | |
| **DONALD C. WINTER,** | * | |
| Secretary of the Navy, | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

     Mr. Michael E. Lipscomb, Plaintiff, by his attorney, Rev. Rickey Nelson Jones, propounds the following Interrogatories on Defendant, Donald C. Winter, Secretary of the Navy. The Plaintiff, pursuant to the Federal Rules of Civil Procedure, propounds the following Interrogatories to be answered under oath. Pursuant to Rule 33, you are required to answer these Interrogatories within thirty (30) days.

### INSTRUCTIONS

(a) In accordance with Rule 33 (b)(1), each interrogatory "shall be answered separately and fully in writing under oath,...."

(b) Pursuant to Rule 33 (b)(2), the "answers are to be signed by the person making them, and the objections signed by the attorney making them."

(c) Pursuant to Rule 33 (b)(4), "all grounds for an objection to an interrogatory shall be stated with specificity."

(d) The terms "identify, identity, or identification," when used in reference to a natural person, require you to state that person's full name, last known address, home and business telephone numbers, and present business affiliation. When used in reference to a person other than a natural person, the terms require you to describe the

nature of such person (i.e., whether it is a corporation, partnership, etc.), and to state that person's last known address, telephone number, and principal place of business. Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

(e) All references to Plaintiff's office denotes both the office he worked in in 1997 and all offices he has been transferred to.

## INTERROGATORIES

1. Consistent with instruction (d) above, identify all persons promoted to a GS-11 in Plaintiff's office since 1997.

2. With respect to the individuals provided in answer to #1 above, provide their [a] ethnicity, [b] skin color, [c] years of service in the agency, [d] years of experience in Plaintiff's office, [e] years of post-high school education, [f] years at the next lower grade before getting the promotion, [g] reason(s) they were promoted , and [h] who recommended them for a promotion.

3. Identify all individuals provided in answer to #1 above that received any training or guidance, formally or informally, from Plaintiff.

4. Why has Plaintiff not been promoted to a GS-11 when his supervisor recommended such in October 1997?

5. Identify all Caucasians since 1990 in Plaintiff's office who were not promoted when their supervisor recommended their promotion and gave them an "Outstanding" rating.

6. How many Caucasians, in Plaintiff's office, have the same number of years and experience as Plaintiff but have been deprived of a recommended promotion?

7. How many Caucasians, in Plaintiff's office, have trained people formally or informally and the very ones trained have been promoted to a higher grade, in the same office, than the Caucasians who trained them?

8. Identify all people, since 1997, in Plaintiff's office who received any kind of a promotion.

9. Identify, consistent with instruction "d" above, the individuals listed in "Plaintiff's Rule 26 Disclosures", part "A" (with the exception of Ms. Pamela Lipscomb). For all of the individuals you are incapable of giving instruction "d" information for, provide all information in your possession on there whereabouts, including but not limited to the address for mailing pension or retirement checks, address for forwarding property or correspondence, address for making any contact with them whatsoever, address the Office of Personnel Management has presently on file for them, etc.

10. Identify all Caucasians in Plaintiff's office who were transferred and deprived of a recommended promotion due to one complaint about their work.

11. Identify all Caucasians in Plaintiff's office who were transferred and deprived of a recommended promotion due to an allegation of sexual harassment <u>when</u> the accuser refused to sign an Affidavit about such harassment, despite a request for such by the EEO Investigator.

12. Identify all male Caucasians in Plaintiff's office whose supervisor was accused of directing unsolicited, male-condemning, criticisms to them due to some problems a relative of that person had.

13. How did Plaintiff make excessive telephone calls when no official limitation was placed on number of calls?

14. Why did the Defendant promote someone trained and/or taught by Plaintiff over him?

15. Identify the people in the GS-11 positions in Plaintiff's office.

16. Of the individuals in GS-11 positions in Plaintiff's office, how many of them physically work day-to-day <u>in</u> the office?

17. Of the individuals provided in answer #15 above, who are they supervising to do the physical day-to-day work in the office?

18. Of the individuals provided in answer #15 above, why are they not physically in the office?

19. Of the individuals provided in answer #15 above, how long have they been physically out of the office?

20. When was Plaintiff transferred out of the office he occupied in 1997?

21. Why was Plaintiff transferred out of the office he occupied in 1997?

22. When an employee in Plaintiff's 1997 office and his present office receives an "Outstanding" rating and a recommendation for a promotion, what **formal or official** reason(s) exists to deny such promotion?

23. What <u>documented</u> reason existed for denying Plaintiff his GS-11 promotion in 1997 when he received an "Outstanding" rating and recommendation for such promotion?

24. From 1997, why did Plaintiff's new supervisor, Ms. Glenda Brown, continuously criticize Plaintiff about matters he was never criticized for before her arrival.

25. From 1997, why did Ms. Glenda Brown continuously find negatives in the work of Plaintiff who was both [i] rated "Outstanding" and [ii] recommended for a promotion, immediately prior to Ms. Brown's arrival

/s/
Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey
    Nelson Jones, Esquire
3rd Floor — Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217

410-462-5800
MD Bar #: 12088

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAEL E. LIPSCOMB,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 07-0103 (JDB) |
| **DONALD C. WINTER,** | * | |
| Secretary of the Navy, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Mr. Michael E. Lipscomb, Plaintiff, by his attorney, Rev. Rickey Nelson Jones, propounds the following Request for Production of Documents (hereinafter "RPD") on Defendant, Donald C. Winter, Secretary of the Navy. Pursuant to Rule 34, you are required to respond within thirty (30) days.

INSTRUCTIONS

(a) In accordance with Rule 34 (b), "the response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, . . . stating the reasons for the objection."

(b) Pursuant to Rule 34 (b[i]), "a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."

(c) Since there exists an EEO Investigative File (hereinafter "EEOIF"), all documents requested below which are part of the EEOIF, and satisfy Defendant's production obligation, can be referenced by indicating the specific page number(s). Such reference will be deemed Defendant's full production response, unless indicated

otherwise.

## DOCUMENT REQUESTS

1. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show [1] all promoted employees in Plaintiff's office since 1997, [2] their race or ethnicity, [3] their years of service, and [4] the reason for their promotion.

2. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show all Caucasians, in Plaintiff's office, formally investigated for accusations of sexual harassment when the accuser refused to provide the EEO Investigator with an affidavit of such allegation.

3. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show all trainees, in Plaintiff's office, promoted above their Caucasian trainer.

4. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show all Caucasians, in Plaintiff's office, deprived of a recommended promotion when his or her work performance was within the parameters of the Performance Appraisal Review System.

5. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show all Caucasians, in Plaintiff's office, deprived of a recommended GS-11 promotion based, in part, on performance in a previous temporary GS-11 position.

6. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff failing to do his job within the parameters of the Performance Appraisal Review System.

7. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff making any statements about vasectomy and/or sperm count.

8. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show failures in Plaintiff's work performance warranting the following criticism: "He could not complete simple tasks in all elements."

9. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show the amount of sick leave taken by Plaintiff from 1997 to the present, and the stated reasons therefor.

10. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show the duties performed by GS-11 employees who are physically absent from the

      office.

11.    All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show the job description for a GS-11 in Plaintiff's office for the period 1997–2007.

12.    All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show the duties Plaintiff performs in the office in the absence of GS-11 employees.

13.    All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever (not already provided) which were (or will be) used in answering Plaintiff's interrogatories.

14.    All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show statements of Plaintiff bearing directly or indirectly on the matters of this case.

15.    All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show any expert opinions or statements Defendant intends to use at any time in this case.

 

                                                              /s/
                                             Rev. Rickey Nelson Jones
                                             Law Offices of Reverend Rickey
                                                 Nelson Jones, Esq.
                                             2nd Floor — Suite 5
                                             940 Madison Avenue
                                             Baltimore, Maryland 21201
                                             410-462-5800
                                             MD Bar #: 12088

                                             Attorney for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL E. LIPSCOMB,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   Civil Action No.: 07-0103 (JDB) |
| | * |
| **DONALD C. WINTER,** | * |
| Secretary of the Navy, | * |
| | * |
| **Defendant.** | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF SERVICE & CERTIFICATE REGARDING DISCOVERY**

Mr. Michael E. Lipscomb hereby gives notice that on this 30th day of July, 2007, he served, by postage paid, Priority Mail, [a] Plaintiff's Interrogatories To Defendant and [b] Plaintiff's First Request For Production Of Documents, on Defendant's counsel of record—**Ms. Claire Whitaker, Assistant United States Attorney,** 555 4th Street, N.W., Room E-4204, Washington, D.C. 20530. A copy of the aforementioned documents will be kept by Plaintiff until the case is resolved, tried, or appealed and concluded.

/s/
Rev. Rickey Nelson Jones
Law Offices of Rev. Rickey Nelson
   Jones, Esquire
3rd Floor — Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
Bar #:  MD12088

Attorney for Plaintiff

# EXHIBIT "B"

17 September 2007

Claire Whitaker
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W. — Room E4204
Washington, D.C. 20503

        RE: Defendant's Evasive Interrogatory Answers
           & Failure To Provide Any Requested
           Documents

Dear Ms. Whitaker:

  Below is my response to all of the Defendant's evasive interrogatory answers and failure to produce requested documents (in violation of F.R.Civ.P., Rule 37[a][3]). Due to the terrible effort at providing responses and the clear attempt to escape divulging basic information, this will be my only letter to bring Defendant into compliance with the rules of procedure (i.e., my F.R.Civ.P., Rule 37[a][2][A] effort). Please understand that this letter serves as [1] Plaintiff's good faith effort to resolve a discovery dispute, [2] Plaintiff's notice to Defendant that a motion to compel, pursuant to F.R.Civ.P., Rule 37, will follow if Defendant continues to not answer interrogatories and provide requested documents, [3] Plaintiff's exhaustion of all attempts to secure disclosure without court action, and [4] Plaintiff's LCvR 7(m) invitation to discuss his anticipated motion. Plaintiff will make an exception to sending this one letter alone **IF** Defendant makes an honest effort to answers interrogatories and provide responsive documentation within two weeks.

### INTERROGATORIES

  One, as a general elimination of Defendant's common excuses for not answering interrogatories, be it known that [A] the time period referenced in all interrogatories (if not stated otherwise) is the time Plaintiff worked in the office where he was not promoted, [B] any interrogatory Defendant fails to answer on the basis of "not knowing the meaning of some term" should be answered with the meaning Defendant does know,

explaining what that meaning is (if it is unusual), and [C] whatever the Defendant believes the interrogatory "calls for" is an assumption on Defendant's part, not a justification to avoid answering; Defendant may answer the interrogatory in the following manner, "With the understanding by both parties that the interrogatory assumes facts in dispute, Defendant answers as follows:_____."

Two, below are Plaintiff's responses to Defendant's evasive interrogatory answers.

| Interrogatory Number | Plaintiff Response To Evasive Answer |
|---|---|
| 1 | Insufficient since the promotion of others after 1997 in the office where Plaintiff did not get promoted is relevant to Plaintiff's non-promotion. |
| 2 | Same as #1 above. Also, federal agencies do keep the information requested herein since such has been obtained in the past by counsel for Plaintiff. Defendant must simply seek the information diligently and sincerely. |
| 6 | You failed to answer the interrogatory after stating your interpretation of "deprived, objective means," and what the interrogatory "call for." Kindly answer the interrogatory's inquiry about Caucasians, having the same number of years and experience as Plaintiff, not promoted after such was recommended. |
| 7 | You failed to answer the interrogatory after stating your interpretation of "vague, broad, and burdensome." Regarding time period and meaning of terms, see the second paragraph of this letter above. Then, kindly answer the interrogatory's inquiry about Caucasians in Plaintiff's office who trained people and those people were promoted over their Caucasians trainers. |
| 9 | You failed to answer the interrogatory. The people information is sought on are potential witnesses, and such information will be used solely for that purpose. Hence, Defendant's refusal to provide their whereabouts is evasive and prejudicial to Plaintiff's case. |

| | |
|---|---|
| 10 | After your interpretation of "vague, overly broad, not relevant," and what the interrogatory "calls for," you failed to answer the interrogatory. Kindly answer the interrogatory with, for example, "There are none." Or, instruction (d) information if there are some. |
| 11 | Same as #10 response above. |
| 12 | The second paragraph of this letter gives you the guidance needed to answer. |
| 13 | Defendant must familiarize itself with the EEOC's ROI. The basis for this interrogatory and all it relies on is provided in the ROI. Also, response #12 above. |
| 14 | Ms. Floramae Thompson, Ms. Cindy Lilly, & Ms. Hermes McAnulty were provided introductory training by Plaintiff and then promoted over him. Kindly answer the interrogatory. |
| 16 | You evaded the question and are answering what is <u>not</u> asked. It did not ask which GS-11s worked in Plaintiff's office. It asked how many of them <u>physically worked day-to-day</u> in the office. |
| 17 | Same as response #16 above. |
| 18 | Same as response #16 above. |
| 19 | Same as response #16 above. |
| 22 | You evaded the question. If "Outstanding" is no longer used, whatever is equivalent or similar may be used in answering. Not answering is improper. |
| 24 | The ROI detailed Ms. Brown's criticisms, and it reveals no documented criticisms of the kind in the past. Hence, you evaded the question with your statements about "matters, vague, unclear, etc." and your assumptions about what the questions "calls for." |
| 25 | Same as response #24 above. |

REQUEST FOR PRODUCTION OF DOCUMENTS

<u>None</u> of the documents requested were provided.  Continuous non-production will not only produce a motion to compel but will also be interpreted favorably for Plaintiff and brought to the court's attention accordingly.

| <u>Document Request</u> | <u>Response</u> |
|---|---|
| 1 | All promotions after 1997 are relevant for comparison purposes since Plaintiff still works in the department. |
| 6 | **What page or pages?**  Referencing the ROI generally does not provide a specifically responsive document. |
| 7 | Same as response #6 above. |
| 8 | Same as response #6 above. |
| 10 | What clarity is needed for GS-11 duties performed by the physically absent from office?  Defendant has already admitted, and Plaintiff knows first hand, that there are GS-11 supervisors absent from the office for medical reasons.  Where are the documents showing their duties? |
| 12 | Evasive.  Plaintiff was deprived of his recommended promotion to a GS-11.  The duties he performs in the office in the absence of GS-11 supervisors is relevant since doing GS-11 work without the promotion is quite material in Plaintiff's case.  Where are the records showing the duties being performed by Plaintiff? |

This month, I await answers to Plaintiff's interrogatories and responses to Plaintiff's RPD, not continuous evasion.

                                                        Respectfully,
                                                          /s/
                                              Rev. Rickey Nelson Jones, Esq.

# EXHIBIT "C"

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAEL E. LIPSCOMB,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: 07-0103 (JDB) |
| | * | |
| **DONALD C. WINTER,** | * | |
| Secretary of the Navy, | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RULE 37(a)(2) CERTIFICATION**

I HEREBY CERTIFY that as of the 29th day of October, 2007, counsel for Plaintiff has [1] communicated in writing with counsel for Defendant about Defendant's evasive interrogatory answers (as well as non-answers) and Defendant's complete failure to produce any documents requested by Plaintiff, [2] communicated verbally with counsel for Defendant about Defendant's need to answer interrogatories and produce requested documents, [3] waited since August 29, 2007 for Defendant to give meaningful interrogatory answers and produce documents, and [4] been promised for weeks that responses to discovery would come but such has not.

/s/
Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey
 Nelson Jones, Esq.
2nd Floor — Suite 5
940 Madison Avenue
Baltimore, Maryland 21201
410-462-5800
MD Bar #: 12088

Attorney for Plaintiff