UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL E. LIPSCOMB,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | C.A. No. 1:07CV00103 (JDB) |
| ) | |
| **DONALD C. WINTER,** ) | |
| **Secretary of the Navy,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## STATUS REPORT AND MOTION TO RESCHEDULE TELEPHONE CONFERENCE

The parties have conferred and discussed the issues raised by plaintiff with regard to defendant's responses to discovery. As a result of the discussion and without waiving the objections made, defendant has offered to search for additional records and supplement its discovery responses. The language of a Privacy Act Consent Order has been agreed to and a proposed order is attached for approval. However, additional discussions between the parties will be necessary before the discovery matters are resolved, hopefully without Court intervention. As plaintiff has been out of town and the agency has continued to search for records, the process has not been completed. Accordingly, the parties will provide a further report to the Court within the next ten days.

Because the process may not be completed until after November 26, 2007, it is respectfully requested that the telephone conference call be postponed for a concomitant ten-day period. Accordingly, the parties further request that the telephone conference call be postponed to a date convenient to the Court. A proposed order is attached.

Respectfully submitted,

|  |  |
|---|---|
| _____ | _____/s/_____ |
| RICKEY NELSON JONES, # | JEFFREY A. TAYLOR , D.C. Bar # 498610 |
| 1701 Madison Ave., 3rd Floor, Suite 5 | United States Attorney |
| Baltimore, Maryland 21217 |  |
|  | _____/s/_____ |
| Attorney for Plaintiff | RUDOLPH CONTRERAS, D.C. Bar # 434122 |
|  | Assistant United States Attorney |

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

OF COUNSEL:
ISAAC NATTER, Esq.
Assistant Counsel
U.S. Department of the Navy
Naval District of Washington

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL E. LIPSCOMB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | C.A. No. 1:07CV00103 (JDB) |
| | ) | |
| **DONALD C. WINTER,** | ) | |
| **Secretary of the Navy,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**STIPULATION REGARDING PRIVACY ACT PROTECTED INFORMATION**

This is an action brought by Plaintiff under Title VII of the Civil Rights Act of 1964, as amended. In the course of discovery, Plaintiff may request various personnel and other records which Defendant believes contain information protected by the Privacy Act of 1974, 5 U.S.C. § 552a.  In order to permit the parties to discover information that may be relevant to this case without undermining the legislative purposes of the Privacy Act, pursuant to the Privacy Act and Rule 26 of the Federal Rules of Civil Procedure, the parties, subject to the Court's approval, hereby stipulate and agree that the following procedures shall be followed whenever a party believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed information that may be protected by the Privacy Act:

1. The party shall designate the information as subject to this Stipulation in the responses to discovery or by letter mailed to opposing counsel or on the deposition record.

2. If either party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth therein any information or materials that has been designated as subject to this Stipulation pursuant to paragraph one, that party shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph one of this Stipulation and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title and civil action number of this action, a brief description of the contents of such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> This envelope contains documents which have been filed in this case by [name of party] and is not to be opened except pursuant to order of the Court.

In the event a party believes a Motion to Seal may be necessary, the parties shall confer and attempt to agree on the issue before a Motion to Seal is filed.

3. The right of access to all materials designated as subject to this Stipulation shall be limited to the parties, counsel for the parties, paralegals and expert witnesses in their employ, and any other person mutually authorized by both parties to examine such materials; and authorization to use such materials for purposes of this action in depositions or other pretrial proceedings shall not be unreasonably withheld. Any person having access to materials or information subject to this Stipulation shall have access only for purposes of proceeding in this action, and shall be informed that the materials and information are confidential, subject

2

to a non-disclosure order of the Court, and to be used only for purposes of proceeding in this action. Nothing contained herein should be construed as limiting the federal government's ability to use any records produced by the government and subject to this Stipulation in the ordinary course of business, consistent with the Privacy Act.

    4. Except as provided herein, no person having access to material designated as subject to this Stipulation shall make public disclosure of those materials or information without further order of the Court or stipulation of the parties.

    5. All documents and copies of documents designated as subject to this Stipulation shall be destroyed or returned to the producing party within sixty (60) days after the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, notice to that effect shall be provided in writing. This provision shall not apply to (i) documents for which the designation of confidentiality has been withdrawn or terminated, (ii) any papers filed with the Court pursuant to paragraph 2 above (that is, it is not necessary to retrieve such papers from the Court), and (iii) documents that have been introduced at trial or that contain only information that has otherwise become public.

    6. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials and information, or the contents thereof, that are subject to this Stipulation, and nothing contained herein or in the Privacy Act shall be construed as precluding Plaintiff or Defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem

appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

7. Any specific part or parts of the restrictions imposed by this Stipulation may be terminated at any time by a letter from the producing party to the opposing party, or by an Order of the Court. This Stipulation is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

Respectfully submitted,

_____/s/_____
RICKEY NELSON JONES, #
1701 Madison Ave., 3rd Floor, Suite 5
Baltimore, Maryland 21217

Attorney for Plaintiff

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

Attorneys for Defendant

APPROVED AND SO ORDERED on this ___ day of _____, 2007.

_____
JOHN D. BATES
 United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL E. LIPSCOMB,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|     v. | )   C.A. No. 1:07CV00103 (JDB) |
| | ) |
| **DONALD C. WINTER,** | ) |
| **Secretary of the Navy,** | ) |
| | ) |
|       **Defendant.** | ) |
| _____ | ) |

<u>ORDER</u>

UPON CONSIDERATION of defendant's consent Motion to Reschedule the telephone conference with the Court that is scheduled for November 26, 2007, at 12:30 pm., and for good cause shown, it is

HEREBY ORDERED that the motion is granted; and it is

FURTHER ORDERED that the telephone conference with the Court regarding discovery issues is rescheduled for _____.

_____
UNITED STATES DISTRICT JUDGE