## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL E. LIPSCOMB,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: 07-0103 (JDB)** |
| | * | |
| **DONALD C. WINTER,** | * | |
| **Secretary of the Navy,** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S SECOND RULE 37 MOTION TO COMPEL

Mr. Michael E. Lipscomb, Plaintiff, by and through his counsel, Rev. Rickey Nelson Jones, pursuant to Fed.R.Civ.P, Rule 37, hereby moves to compel and sanction Defendant Donald C. Winter, Secretary of the Navy, for its failures in providing discovery to Plaintiff.  As grounds therefor, he says:

BRIEF HISTORY

1. On October 29, 2007, Plaintiff filed his first Motion to Compel due to various evasive/non-responsive responses from Defendant to Plaintiff's interrogatories and request for production of documents.

2. On October 30, 2007, in a Minute Order, this court ordered Plaintiff's counsel to confer with counsel for Defendant by not later than November 5, 2007 to attempt to resolve the discovery dispute.

3. Counsel for Plaintiff conferred with counsels for Defendant on October 31, 2007 via telephone, spending almost an hour discussing each interrogatory and each request for production of document deemed non-responsive by Plaintiff in his Motion to Compel.

4. On October 31, 2007, Counsel for Defendant filed a "Motion For Enlargement of Discovery Period," acknowledging the October 31, 2007 teleconference between counsels as ordered by this court.

5. On November 1, 2007, counsel for Plaintiff faxed a letter to counsel for

Defendant, outlining what was discussed during the teleconference.

6. On November 2, 2007, this court granted Defendant's motion for extension of discovery and set a discovery deadline of 12/17/07. It also set a deadline for informing chambers about whether the discovery dispute was resolved; that deadline was November 19, 2007. Moreover, this court set a telephone conference for November 26, 2007.

7. Counsel for Plaintiff agreed to review Official Personnel Files of employees of Defendant in hopes of the documents helping the parties resolve their discovery dispute. Hence, a "Stipulation Regarding Privacy Act Protected Information" was filed. This court approved of the stipulation on November 27, 2007.[1]

8. Due to the extra time needed in trying to resolve the discovery disputes, postponements of the telephone conferences were requested and granted in November 2007.

9. On December 20, 2007, a "Report To Court" was filed by Defendant in which an additional thirty (30) days was requested to resolve the discovery dispute and an extension of "damages" discovery was requested..

10. On December 21, 2007, this court issued an Order which indicated the following: [1] Plaintiff's Motion to Compel is denied without prejudice, [2] Defendant's motion for extension of discovery relating to damages is granted in part and denied in part, providing extension to January 17, 2008, and [3] a status hearing is scheduled for January 17, 2008 at 9:00 a.m.

SUBSTANCE OF SECOND MOTION TO COMPEL

11. Following the October 31, 2007 teleconference with counsels for Defendant, about November 30, 2007, Defendant provided supplemental responses to Plaintiff's

---

[1] After counsel for Plaintiff reviewed the Official Personnel Files ("OPF") provided by Defendant, it was quickly recognized that the OPF contained numerous abbreviations and codes unfamiliar to Plaintiff's counsel, and hence, they were unhelpful. Counsel for Defendant was notified of this on December 21, 2007 at 12:13 p.m., and Defendant was urged to review its own files and provide proper responses to the interrogatories calling for such review.

Discovery.  In shock at how Defendant continued with evasive answers, Plaintiff

commenced written communication with Defendant for the sake of clarity and

recordation.

      12.  Following is illustrative of Defendant's responses to Plaintiff's

interrogatories:

*Interrogatory #2:*    *With respect to the individuals in answer to #1 above, provide their*

    *[a] ethnicity, [b] skin color, [c] years of service in the agency, [d]*

    *years of experience in Plaintiff's office, [e] years of post-high*

    *school education, [f] years at the next lower grade before getting*

    *the promotion, [g] reason(s) they were promoted, and [h] who*

    *recommended them for a promotion.  (7/30/07)*

*Initial Response #2:*  *See Response to Interrogatory No. 1, above.  Defendant also notes*

    *that the agency does not maintain specific information in aggregate*

    *form as requested in Nos. (e) through (h).*

    *(Response to Interrogatory No. 1 above is as follows: "Defendant*

    *objects to this request as overly broad, not relevant and not*

    *reasonably calculated to lead to the discovery of admissible*

    *evidence.  This request is not relevant to the extent that Plaintiff's*

    *discrimination complaint concerns a promotion he sought in 1997,*

    *and therefore any events following the alleged discrimination are*

    *not relevant to his claim.  Without waiving said objections,*

    *Plaintiff is directed to review documents in the Report of*

    *Investigation ("ROI") detailing promotions of K1 employees from*

    *October 1, 1997, through September 30, 1999, which is located*

    *within the ROI at pages 50-53.  The ROI is already in Plaintiff's*

    *possession.").  (9/3/07)*

*Plaintiff's Notice*
*To Defendant*
*About Poor*
*Response:*                *Insufficient since the promotion of others after 1997 in the office*
                          *where Plaintiff did not get promoted is relevant to Plaintiff's non-*
                          *promotion.  Also, federal agencies do keep the information*
                          *requested herein since such has been obtained in the past by*
                          *counsel for Plaintiff.  Defendant must simply seek the information*
                          *diligently and sincerely. (9/17/07)*

*Defendant's*
*Supplemental*
*Response:*                *See Response to Interrogatory No. 1 above (which contained some*
                          *but not all information on eight individuals).  Defendant also notes*
                          *that the agency does not maintain specific information on skin*
                          *color or in aggregate form as requested in Nos. (e) through (h).  To*
                          *the extent that information exists in Defendant's retrievable files*
                          *concerning Nos. (e) through (h), it would be found in the Official*
                          *Personnel File ("OPF") of each employee.  The OPFs for the*
                          *individuals named in Defendant's Response to Interrogatory No. 1*
                          *have been ordered from the Records Storage facility on a expedited*
                          *basis.  Upon receipt, Plaintiff may review the information and*
                          *ascertain the information he seeks to the extent such information is*
                          *available there.  (11/30/07)*

*Plaintiff's*
*Response:*                *Regarding supplemental responses for interrogatories 1 and 2,*
                          *your decision to direct Plaintiff to the Official Personnel Files for*
                          *the employees instead of reviewing them and providing the answer*
                          *requested is more non-responsiveness.  However, for the sake of*

*resolving our discovery dispute, I tried to review the Official*

*Personnel Files for one fo the individuals listed in supplemental*

*response #1.  I have discovered that there are too many*

*abbreviations and codes unfamiliar to me for the files to be helpful.*

*Put another way, the Defendant (specifically, Mr. Natter) is in the*

*best position to find the information responsive to these*

*interrogatories, and I request that Defendant do so.  (12/21/07)*

*Defendant's*

*Additional*

*Supplement:*        *Plaintiff claims that Defendant has been unresponsive.... As*

*Defendant has noted, this interrogatory would require the agency*

*to engage in speculation as some of the information is not*

*unavailable to Defendant and, although Defendant has identified*

*promoted individuals subsequent to 1999, this information and the*

*requested information in Interrogatory 2, is irrelevant to the claims*

*before the Court.  Nevertheless, Defendant has provided in his*

*Supplemental Response to Interrogatory 1, information concerning*

*race, sex, and service computation dates (reflecting years of*

*service).  Years of experience, years of post-high school education,*

*and years at the next lower grade before a promotion should be*

*available to plaintiff through review of the Official Personnnel*

*Files (OPFs). (1/11/08)*

*Plaintiff's*

*Final*

*Response:*        *Regarding interrogatory #2, while Plaintiff agreed to review the*

*OPFs in an effort to resolve the discovery dispute, Plaintiff did not*

*agree to <u>relieve</u> Defendant of its obligation to answer this*

*interrogatory.  Defendant's understanding otherwise is an attempt*

*to escape its responsibility imposed by the Federal Rules of*

*Procedure.  While it is understandable that Defendant may not*

*have [b] skin color and [h] who recommended the promotion of*

*certain individuals, there exist **no** excuse for Defendant failing to*

*provide [c] years of service in the agency, [d] years of experience*

*in Plaintiff's office, [e] years of post-high school education, [f]*

*years at the next lower grade before getting the promotion, and [g]*

*reason(s) they were promoted.  (1/15/08)*

13.  The remaining seven interrogatories and two request for production of documents that Plaintiff still awaits a response to can be resolved as follows:

| *Interrogatory #:* | *Response Plaintiff Desires Due To Defendant's Evasiveness/Non-Responsiveness* |
|---|---|
| *1* | *\*Home Telephone Number, Work Address, & Work Telephone Number for Cynthia Lilly.* |
| | *\*Home Address, Home Telephone Number, Work Address, and Work Telephone Number for Kelly Siebert.* |
| *2* | *Information sought in last paragraph of number 12 above for each person provided by Defendant in answer to Interrogatory #1.* |
| *6* | *"None of the Caucasian employees in Plaintiff's offices have been deprived of a recommended promotion with the same number of years and experience as Plaintiff."* |
| *7* | *"No Caucasians in Plaintiff's offices have trained people and the ones trained have been promoted to a higher grade in the same office over the Caucasians who trained them."* |
| *13* | *"Plaintiff did not make excessive telephone calls because there are no limits on number of calls in the office."* |
| *14* | *"Caucasians were promoted over Plaintiff after he trained* |

*them, and there was no non-discriminatory reason for such."*

16          *Cyndy Lilly and Peggy McWhite were GS-11s in Plaintiff's office who were not physically present to do the GS-11 work. Plaintiff principally did the work for them."*

| Request for Production of Document | Response Plaintiff Desires Due To Defendant's Non-Production |
|---|---|
| 6 | *"Defendant has no documents showing Plaintiff failing to do his job within the Performance Appraisal Review System."* |
| 7 | *Defendant has no documents showing Plaintiff making any statements about vasectomy and/or sperm court outside of him quoting Ms. Denise Arthur."* |

14.  Because Defendant's initial responses have unquestionably been altered to provide proper answers  (save those mentioned in paragraph 13 above), the attorney's fees and costs incurred by Plaintiff in [1] filing motions and [2] communicating repeatedly about discovery have been unjustified.  The costs and attorney's fees have been respectively [a] $14.74 and [b] $1,560.00.

        **WHEREFORE,** Plaintiff respectfully requests

[1]     that Plaintiff's Second Motion To Compel be granted,

[2]     that the desired responses and production outlined in paragraph 13 above be established for all purposes in this action,

[3]     that all costs and attorney's fees for filing this motions and making repeated efforts to bring Defendant in compliance with the Federal Rules be paid by Defendant (specifically, costs of $14.74 and Attorney's Fees of $1,560.00 [13

hours @ $120.00 per hour]), and

[4]     that the hearing scheduled for January 17, 2008 at 9:00 a.m. be commenced at

9:00 a.m. due to Plaintiff's counsel's scheduled District Court Trial later in

Baltimore City at 1:15 p.m. **(Genesis Offices Systems, Inc. v. Thomas**

**O'Farrell Youth Center).**

/s/
Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey
    Nelson Jones, Esq.
3rd Floor — Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
MD Bar #: 12088

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL E. LIPSCOMB,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: 07-0103 (JDB)** |
| | * | |
| **DONALD C. WINTER,** | * | |
| **Secretary of the Navy,** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# ORDER

Upon "Plaintiff's Second Rule 37 Motion To Compel" it is this _____ day of

_____, 2008, by the United States District Court for the District of Columbia

ORDERED that Plaintiff motion be and hereby is **GRANTED,** and

[1]    the desired responses and production outlined in paragraph 13 of Plaintiff's

motion be, and hereby is, ESTABLISHED FOR ALL PURPOSES IN THIS

ACTION,

[2]    all costs and attorney's fees for filing motions and making repeated efforts to

bring Defendant in compliance with the Federal Rules BE PAID by Defendant

within ten (10) days of the date of this Order, specifically, costs of $14.74 and

Attorney's Fees of $1,560.00 , and

[3]    the hearing scheduled for January 17, 2008 at 9:00 a.m. be commenced at 9:00

a.m. due to Plaintiff's counsel's scheduled District Court Trial on the same day.

_____
JUDGE

Copies to:

Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey Nelson
    Jones, Esquire
3rd Floor – Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217

*Attorney for Plaintiff*

Ms. Claire Whitaker
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W. – Rm. E4204
Washington, D.C. 20503

*Attorney for Defendant*

**<u>Statement Of Points And Authorities</u>**

Federal Rules of Civil Procedure, Rule 37(a)

Federal Rules of Civil Procedure, Rule 37(b)

Federal Rules of Civil Procedure, Rule 37(d)