<u>**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**</u>

| | |
|---|---|
| **MICHAEL E. LIPSCOMB,** | * |
| **Plaintiff,** | * |
| v. | *   Civil Action No.: 07-0103 (JDB) |
| **DONALD C. WINTER,** Secretary of the Navy, | * |
| **Defendant.** | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS SECOND
RULE 37 MOTION TO COMPEL**

Mr. Michael E. Lipscomb, Plaintiff, by and through his counsel, Rev. Rickey Nelson Jones, pursuant to this Court's January 31, 2008 ORDER, hereby submits his brief in support of "Plaintiff's Second Rule 37 Motion To Compel.

Facts

1. In this Court's January 24, 2008 ORDER, Defendant was directed as follows: "any further responses by defendant to plaintiff's discovery request shall be served on plaintiff by not later than January 31, 2008;"

2. On January 31, 2008, Plaintiff did receive more responses from Defendant. <u>See</u>. *Attached "Defendant's Second Supplemental Responses To Discovery"*

3. Plaintiff was awaiting six (6) interrogatory answers and two (2) responses to request for production of documents.

4. Defendant provided two (2) interrogatory answers and no documents (only referring to the ROI but not citing specific responsive documentation).

5. The specific interrogatories Defendant still refuses to answer despite the Federal Rules, a pending motion to compel, and a Court ORDER are as follows: #6, #7, #13, and #14.

6. The specific documents the Defendant has refused to provide are as follows: #6 and #7.

<u>Memorandum of Law</u>

In <u>Cunningham v. Hamilton</u>, 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999), the United States Supreme Court held that an Order imposing sanctions on an attorney pursuant to Federal Rules of Civil Procedure 37 is not a "final decision" from which the sanctioned attorney (even though no longer representing a party in the case) may appeal.  In providing us with guidance on the purposes of Rule 37, it said in Part II of its decision that the rule was designed "to protect courts and opposing parties from delaying or harassing tactics during the discovery process.".

Consistent with <u>Cunningham</u>, the United States Court of Appeals for the District of Columbia Circuit addressed the lawfulness of a district court's Rule 37 decision.  In <u>Conseil Alain Aboudaram, S.A. v. Groote</u>, 460 F.3d 46 (D.C.Cir. 2006), the United States Court of Appeals held, inter alia, that the district court was correct in concluding that the promissory notes at issue, on their faces, covered advances by the Lender to Borrower and such were the corporation and Mr. Groote; moreover, no extrinsic evidence of the contracting parties' intent was permissible under New York Law where the contract is unambiguous.  In addressing Rule 37, the court went on to inform us, in Part III(B),  that the rule authorizes a district court to sanction a party that fails to obey an order to provide or permit discovery.  In <u>Butera v. District of Columbia</u>, 235 F.3d 637 (D.C.Cir. 2001), another important reason was given to us for imposing sanctions for misconduct by a party.  That reason is the court's inherent power to protect its integrity and prevent abuses of the judicial process.  <u>Webb v. District of Columbia</u>, 146 F.3d 964 (D.C.Cir. 1998); <u>Shepherd v. American Broad. Cos.</u>, 62 F.3d 1469 (D.C.Cir. 1995). <u>Butera</u> also gave us the three justifications for imposition of defaults or dismissal as sanctions for misconduct.  They are (1) prejudice to the other party, (2) prejudice to the judicial system requiring the district court to modify its own docket and operations to accommodate the delay, and (3) the need to sanction conduct that is disrespectful to the court and to deter similar conduct in the future.  <u>Webb v. District of Columbia</u>, 146 F.3d 964 (D.C.Cir. 1998)

Plaintiff has been seeking to bring Defendant in compliance with the Federal Rules of Civil Procedure for at least six months. Plaintiff has communicated with Defendant via telephone, e-mail, and in person. Plaintiff has filed two motions to compel, and this court has even Ordered Defendant to provide responses by January 31, 2008. To date, nothing has moved Defendant to respond to all interrogatories and requests for documents propounded by Plaintiff in July 2007. Butera's outline of justifications for imposition of default shows up glaringly herein.

Regarding prejudice to Plaintiff, the interrogatories Defendant failed to answer on January 31, 2008 (namely, #6, #7, #13, and #14), all carry heavy evidentiary weight for Plaintiff. Each relates to Caucasians similarly situated as Plaintiff being treated favorably regarding promotions. However, Plaintiff was recommended for a promotion and even trained some of the Caucasians who were promoted but he was deprived of any promotions. The information solicited shows some evidence of discrimination, and this constitutes one of the elements for proving failure-to-promote discrimination.

Regarding the court needing to modify its own docket and operations to accommodate the delay, the following represent Orders from this court addressing change after change in dates due to the discovery issues: October 30, 2007, November 2, 2007, November 20, 2007, November 26, 2007, December 5, 2007, December 21, 2007, and January 17, 2008.

Regarding the need to sanction conduct that is disrespectful to the court and deter similar conduct, how can Defendant completely not answer interrogatories #6, #7, #13, and #14 on January 31, 2008? This Court Ordered it to respond by January 31, 2008, and it did not. Defendant did not even mention one word about those interrogatories, as if they were not there! Moreover, Defendant failed to provide requested documents for RPD #6 & #7.

Indeed, the integrity of the judicial process has been compromised by Defendant. For example, at present, Plaintiff must draft his response to Defendant's dispositive motion without the benefit of information he has been entitled to since August 2007.

The court's January 31, 2008 ORDER gives the period February 7, 2008 to February 26, 2008 for the parties to address the discovery issues, but simultaneously, Plaintiff must answer a motion to dismiss/summary judgment without resolution of the discovery dispute beforehand.  This scenario can actually result in the court sanctioning Defendant for concealing relevant information <u>but</u> Plaintiff not benefitting from the decision due to him having to file his response before then (or at the "eleventh hour").  Preventing this has to be one of the reasons Rule 37 exists.

      **WHEREFORE,** Plaintiff respectfully requests

[A]    that Default Judgment be entered against Defendant, and

[B]    that all requested relief in Plaintiff's Complaint, along with the damages computation in "Plaintiff's Rule 26 Disclosures" be granted.

      ALTERNATIVE ONLY IF COURT REJECTS ABOVE,

[1]    that Plaintiff's Second Motion To Compel be granted,

[2]    that the desired responses and production outlined in paragraph 13 therein be established for all purposes in this action,

[3]    that all <u>current</u> costs and attorney's fees for filing the motion and making repeated efforts to bring Defendant in compliance with the Federal Rules be paid by Defendant (specifically, costs of $15.74 and Attorney's Fees of $2,520.00 [21 hours @ $120.00 per hour]), and

[4]    that Plaintiff's time for responding to Defendant's dispositive motion be tolled until the court rules on his motion to compel.

    /s/
Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey
    Nelson Jones, Esq.
3rd Floor — Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
Bar #: MD12088

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL E. LIPSCOMB,** * | |
| * | |
|     **Plaintiff,** * | |
| * | |
| v. * | Civil Action No.: 07-0103 (JDB) |
| * | |
| **DONALD C. WINTER,** * | |
| **Secretary of the Navy,** * | |
| * | |
|     **Defendant.** * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# ORDER

Upon "Plaintiff's Brief In Support Of His Second Rule 37 Motion To Compel," it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia

    ORDERED that

[1]    Default Judgment be, and hereby is, GRANTED to Plaintiff,

[2]    all requested relief in Plaintiff's Complaint be, and hereby is, GRANTED, and

[3]    all damages calculated in Plaintiff's Rule 26 Disclosures be, and hereby is, GRANTED.

 

_____JUDGE

Copies to:

Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey Nelson
    Jones, Esquire
3rd Floor – Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217

*Attorney for Plaintiff*

Ms. Claire Whitaker
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W. – Rm. E4204
Washington, D.C. 20503

*Attorney for Defendant*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL E. LIPSCOMB,** | * |
| **Plaintiff,** | * |
| v. | *   Civil Action No.: 07-0103 (JDB) |
| **DONALD C. WINTER,** Secretary of the Navy, | * |
| **Defendant.** | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# ORDER

Upon "Plaintiff's Brief In Support Of His Second Rule 37 Motion To Compel," it is this ____ day of _____, 2008, by the United States District Court for the District of Columbia

ORDERED

[1] that Plaintiff's Second Rule 37 Motion To Compel be, and hereby is, GRANTED,

[2] that the desired responses and production outlined in paragraph 13 of Plaintiff's Second Rule 37 Motion To Compel be, and hereby is, ESTABLISHED FOR ALL PURPOSES IN THIS ACTION,

[3] that all current costs and attorney's fees for filing the motion and making repeated efforts to bring Defendant in compliance with the Federal Rules BE PAID by Defendant (specifically, costs of $15.74 and Attorney's Fees of $2,520.00 [21 hours @ $120.00 per hour]) within ten (10) days of the date of this Order, and

[4] that Plaintiff's time for responding to Defendant's dispositive motion BE TOLLED until the court rules on his motion to compel.

_____ JUDGE

Copies to:

Rev. Rickey Nelson Jones  
Law Offices of Reverend Rickey Nelson  
      Jones, Esquire  
3rd Floor – Suite 5  
1701 Madison Avenue  
Baltimore, Maryland 21217  

*Attorney for Plaintiff*

Ms. Claire Whitaker  
Assistant U.S. Attorney  
Judiciary Center Building  
555 Fourth Street, N.W. – Rm. E4204  
Washington, D.C. 20503  

*Attorney for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL E. LIPSCOMB, )
)
        Plaintiff, )
)
v. ) C.A. No. 1:07CV00103 (JDB)
)
DONALD C. WINTER, )
Secretary of the Navy, )
)
        Defendant. )
)

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO DISCOVERY**

**1. DEFENDANTS' SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S INTERROGATORIES TO DEFENDANT**

Pursuant to this Court's order of January 18, 2008, and in an effort to resolve the parties discovery dispute, Defendant voluntarily provides the following supplemental responses to Plaintiff's interrogatories as Defendant understands the parties' agreement at a face to face meeting on January 23, 2008. (Note, Defendant neither waives his previous objections nor believes that its earlier responses were inadequate).

    **Interrogatory # 2.** With respect to the individuals provided in answer to #1 above [Floremae Thompson, Hermes McNulty, Cynthia Lilly, Peggy McWhite, Rise Neal, Cheryl Thompson, Patricia Anderson, and Kelly Sieber], provide their . . . [c] years of service in the agency, [d] years of experience in Plaintiff's office, [e] years of post-high school education, [f] years at the next lower grade before getting the promotion, [g] reason(s) they were promoted, . . .

**Answer to Interrogatory #2:**

As noted in Defendant's previous responses, although Defendant believes that Plaintiff's claim before the Court is limited to claims between 1997-1999, when he sought counseling and pursued his formal complaint before the agency, and that subsequent promotions of other employees are therefore not reasonably calculated to lead to the discovery of admissible evidence, in order to avoid discovery litigation and in light of the Privacy Act Consent Order recently entered by the Court, Defendant supplements his responses as follows:

1. Ms. Floramae (Teasha) T. Thompson - (Caucasian, female, Service Comp. Date (SCD): 08/22/1987) – Promoted to a permanent GS-1173-11 position on 7/16/2000.

   **Supplemental Information:**

   Years of Service in the Department of the Navy: 21 years (commencing 8/22/87)
   No. of Years in Housing Division: 12 years
   Years of Post-High School Education when first applied to Housing: 0[1]
   Years at the GS-9 (or lower grade) before promotion to GS-11: 1.5 years.
   Reason for the Promotion to GS-11: Selected on Merit in a competitive selection process from Merit Promotion Certificate CAP/00E/002/CJ dated 05/25/2000.

2. Mr. Hermes J. McAnulty - (Pacific Islander, male) – Promoted to a GS-1173-11 on 4/29/2007.

   **Supplemental Information:**

   Years of Service in the Department of the Navy: 11 years (commencing 2/2/97)

---

[1] All responses regarding post high school education are based on information from the individuals' Official Personnel File (OPF). The individuals may have had further post-secondary education not reflected in their OPFs. Plaintiff has been provided with contact information for all of these individuals and may therefore contact them directly to verify this information.

No. of Years in Housing Division: 11 years
Years of Post-High School Education when first applied to Housing: 1 year.
Years at the GS-9 (or lower grade) before promotion to GS-11: 6 years.
Reason for the Promotion to GS-11: Selected on merit in a competitive promotion process from Merit Promotion Certificate NW7-GS1173-11-K1599625-CMP-28, Dated 2/28/2007.

3. Ms. Cynthia Lilly - (Caucasian, female) - Promoted to GS-1173-11 in 2005.

**Supplemental Information:**

Years of Service in the Department of the Navy: 20 years (commencing 9/28/87)
No. of Years in Housing Division: 11 years
Years of Post-High School Education when first applied to Housing: 60 classroom hours at Entre Computer Center (1990).
Years at the GS-9 (or lower grade) before promotion to GS-11: 8 years.
Reason for the Promotion to GS-11: Career Ladder Promotion

4. Ms. Peggy McWhite - (African American, female) - Promoted to GS-1173-11 on 03/28/2004.

**Supplemental Information:**

Years of Service in the Department of the Navy: 17 years (commencing 11/18/90)
No. of Years in Housing Division: 14 years
Years of Post-High School Education when first applied to Housing: 4 years
Years at the GS-9 (or lower grade) before promotion to GS-11: 3 years.
Reason for the Promotion to GS-11: No reason given in Official Personnel File, except the action is designated a promotion.

5. Ms. Rise Neal - (African American, female) - Promoted to a permanent GS-1173-11 on

December 16, 2001.

**Supplemental Information:**

Years of Service in the Department of the Navy: 27 years (commencing 11/10/80).
No. of Years in Housing Division: 27 years
Years of Post-High School Education when first applied to Housing: 3.5 years.
Years at the GS-9 (or lower grade) before promotion to GS-11: 17 years.
Reason for the Promotion to GS-11: Selected on merit in a competitive promotion process from CAPNWC01-1173-11-464, dated 29-NOV-2001.

6. Ms. Cheryl Thompson (African American, female) promoted to GS-1173-11 on November 19, 2000.

### Supplemental Information:

Years of Service in the Department of the Navy: 14 years (commencing 5/1/93).
No. of Years in Housing Division: 14 years.
Years of Post-High School Education when first applied to Housing: 1 year.
Years at the GS-9 (or lower grade) before promotion to GS-11: 6 years.
Reason for the Promotion to GS-11: Selected on merit in a competitive promotion process from Merit Promotion Certificate CAP/00E/0120/CJ dated 10/20/2000.

7. Ms. Pamela Driggers (African American, female) – Competitively promoted to a GS-1173-11 in 1999.

### Supplemental Information:

Years of Service in the Department of the Navy: 21 years (commencing 11/9/86).
No. of Years in Housing Division: 21 years
Years of Post-High School Education when first applied to Housing: 33 semester hours.
Years at the GS-9 (or lower grade) before promotion to GS-11: 5 years.
Reason for the Promotion to GS-11: Selected on merit in a competitive promotion process from Cand. Trans. No. 609-69 dated 12-22-95.

8. Ms. Patricia Anderson (Caucasian, female)- Promoted to a GS-1173-11 on September 17, 2006.

### Supplemental Information:

Years of Service in the Department of the Navy: 21 years (commencing 8/4/86).
No. of Years in Housing Division: 20 years.
Years of Post-High School Education when first applied to Housing: zero
Years at the GS-9 (or lower grade) before promotion to GS-11: 4 years.
Reason for the Promotion to GS-11: Selected in a competitive appointment/application process from Announcement No. NW6-GS1173-11-K1412774-CMP-26, dated 06/26/2006.

9. Ms. Kelly Sieber - (Caucasian, female) – Competitively promoted to a GS-1173-11 position on August 27, 2000. Ms. Sieber's OPF is unavailable as she is currently employed by the Department of Air Force. Since Ms. Sieber is employed by the Department of the Air Force and not the Department of the Navy, Defendant is unable to obtain her OPF, and therefore has not been able to review it to ascertain the additional information requested by Plaintiff. Defendant attempted unsuccessfully to contact Ms. Sieber before filing this supplementation and learned that she is unavailable until February 4, 2008. Since Ms. Sieiber's home address and telephone number and work address and telephone number have been supplied to Plaintiff, Plaintiff is able to contact Ms. Seiber to determine the information Defendant was unable to obtain.

**Interrogatory 16** - Of the individuals in GS-11 positions in Plaintiff's office, how many of them physically work day-to-day- -in- the office?

Answer: All of them, except those previously indicated as being out of the office on workers' compensation.

### 2. DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant has no additional responses to the Document Requests Nos. 6 and 7, and restates its earlier response herein and incorporates the previously made objections as follows:

### III. DOCUMENTS REQUESTED:

**6. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff failing to do his job within the parameters of the Performance Appraisal Review System.**

**Response:** All documents presently known to Defendant that are responsive to this request are contained within the ROI.

**7. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff making any statements about vasectomy and/or sperm count.**

**Response:** All documents presently known to Defendant that are responsive to this request are contained within the ROI.

As to objections,

/s/ JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/ RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

/s/ *[signature]*
_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

Pursuant to 28 U.S.C. § 1746, I, Isaac J. Natter, do hereby certify that I have reviewed Defendant's Second Supplemental Responses to Discovery. The responses are true and correct to the best of my knowledge and belief.

_____          1/31/2008
Signature                                           Date

## CERTIFICATE OF SERVICE

I hereby certify that, this 31st day of January, 2008, I caused a copy of the foregoing **DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO DISCOVERY** to be sent by e-mail and by first class U.S. Mail, postage prepaid, marked for delivery to Plaintiff's counsel at:

Rickey Nelson Jones
1701 Madison Avenue
Suite 3 3rd Floor
Baltimore, MD 21217
Email: joneses003@msn.com

_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137