# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL E. LIPSCOMB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 1:07CV00103 (JDB)** |
| | ) | |
| **DONALD C. WINTER,** | ) | |
| **Secretary of the Navy,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## REPLY TO PLAINTIFF'S BRIEF IN SUPPORT OF HIS SECOND RULE 37 MOTION TO COMPEL

### I. **Preliminary Statement**

On October 29, 2007, with little or no attempt to confer with defendant, plaintiff filed his first Rule 37 Motion to Compel Discovery Responses based on counsel's view that defendant's initial responses to his written discovery were evasive and incomplete. R. 7.[1] On October 30, 2007, this Court ordered the parties to confer and attempt to resolve the dispute.

During the ensuing 30-day period and without waiving his objections to certain requests, defendant made Herculean efforts to resolve plaintiff's concerns and, to that end, voluntarily supplemented his discovery responses on November 30, 2007. Attachment 3. These efforts were made specifically to avoid discovery litigation and not because defendant believed that plaintiff's motion had merit.

Nonetheless and again without notice to defendant (and on the eve of a prescheduled status conference on January 16, 2008), plaintiff filed a Second Rule 37 Motion to Compel

_____

[1] "R. __" refers to the numerical listing for filings on the District Court docket in this case.

Discovery Responses.[2]

At the status conference on January 17, 2008, the Court listened to the parties

representations and then directed plaintiff to "file a supplemental brief by not later than February

7, 2008, addressing whether a discovery dispute remains and, if so, identify the specific

discovery issue in his motion to compel that remains in dispute." R. 25.  The Court directed

defendant to respond to plaintiff's filing by February 19, 2008.  Id.   The instant filing responds

to the representations in plaintiff's supplemental brief filed on February 7.  R. 27.

II.  **The Specific Discovery Issues that Remain in Dispute as of 1/31/08.**

Plaintiff continues to complain that defendant's response to his Interrogatories Nos. 6, 7,

13 and 14 and to his Requests for Documents Nos. 6 & 7, are evasive and unresponsive.   The

following discussion illustrates that defendant both responded to plaintiff's interrogatories to the

best of his knowledge and identified documents in the ROI that were responsive.  The two

"disputed" document responses are discussed in A.; the interrogatory responses are discussed in

B.

A.  **Document Requests Nos. 6 & 7.**

The following are plaintiff's Requests for Documents Nos. 6 & 7.

**6. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff failing to do his job within the parameters of the Performance Appraisal Review System.**

**7. All documents, papers, memorandums, graphs, charts, printouts, computer-**

---

[2] Indeed, the day before at the end of Mr. Lipscomb's deposition, defendant's counsel attempted to discuss the status of plaintiff's discovery concerns. Plaintiff's counsel refused to make any efforts to collegially resolve the matter or even discuss it with counsel. See Declaration of Cathy Jardim, Court Reporter at the Deposition of 1/15/08.  Attachment 8.

**produced data, and writings or information of any kind whatsoever which show Plaintiff making any statements about vasectomy and/or sperm count.**

In defendant's initial response to these document requests served on August 31, 2007, defendant responded by referring plaintiff to the Report of Investigation ("ROI") which was in the hands of plaintiff's attorney. Defendant stated that: "All documents presently known to Defendant that are responsive to this request are contained within the ROI," Attachment 1 at Document Requests 6 & 7. On September 24, 2007, defendant's counsel received a letter from plaintiff's counsel (dated 9/17/07) complaining that this response was too broad. Specifically, plaintiff stated: "What page or pages? Referring to the ROI generally does not provide a specifically responsive document." See Attachment 2 at Document Requests 6 & 7. Before defendant could formally respond to these and plaintiff's discovery concerns, plaintiff filed his first motion to compel on October 29, 2007. R. 7. As noted above, on October 30, 2007, the Court directed that the parties confer and attempt to resolve plaintiff's discovery issues.

On November 30, 2007, defendant formally supplemented his responses by providing specific page numbers as follows:

**Response to Document Request #6.** Defendant refers Plaintiff to Report of Investigation ("ROI") in this case at ROI pages: 5 - 7, 10 - 13, 33 - 36, 38, 40, 165-171, 192-197, 202-203, 211-213, 231-232, 235-242.

**Response to Document Request #7.** Plaintiff is referred to the ROI pages: 6 - 7, 10-13, 35-36, 42-44, 145-151, 228.

See Attachment 3. Defendant continued to supplement his responses to plaintiff's written discovery in at least two additional supplemental transmissions and in a letter dated January 8, 2008. Attachment 4-6. Each time, defendant reiterated that all of the documents presently known to defendant that were responsive to these document requests [Request for Documents

Nos. 6 & 7] were contained within the ROI and have been identified.  See e.g., Attachment 4 at III; Attachment 6 at p. 4.

Notwithstanding these efforts, plaintiff's counsel continued to be dissatisfied with defendant's document [and interrogatory] responses and filed a second motion to compel on January 16, 2008.  R. 18.  In that filing, the only reference made concerning defendant's supplemental responses to Requests for Document Nos. 6 & 7, was in passing at paragraph 13. There, he stated that he was still awaiting a response to these (and other requests) and asked the Court for the following admissions with regard to Requests for Document Nos. 6 & 7, presumably as a sanction for an incomplete response.

> **6.  "Defendant has no documents showing Plaintiff failing to do his job within the Performance Appraisal Review System."**
>
> **7.  "Defendant has no documents showing Plaintiff making any statements about vasectomy and/or sperm count outside of him quoting Ms. Denise Arthur."**

Defendant submits that defendant answered the document requests as he thought appropriate with page citations.  To the extent that plaintiff asserts that the page citations do not support the statements, that does not lessen the fact that defendant responded.  To date, defendant has discovered no additional documents responsive to these document requests and there are no allegations that documents are purposely withheld from the plaintiff.  Plaintiff is simply dissatisfied with the responses.  Plaintiff's dissatisfaction with the answers is not grounds for a finding of noncompliance or sanctions under Fed. R. Civ. P. 37.

To be sure, plaintiff is not precluded from arguing to this Court that there are no documents supporting the facts he wishes to establish when he responds to defendant's dispositive motion or at trial, should there be one.  If plaintiff is indeed correct on this matter and

missing factual predicate creates a genuine issue of material fact, which defendant denies, then plaintiff may be successful in defeating summary judgment and winning at trial. However, he is not entitled to any admission or an order to compel a response that he would like. If he wanted an admission that there were no documents supporting a particular factual predicate he should have served defendant with a Request for Admissions pursuant to Fed. R. Civ. P. 36. He did not.

### B. Interrogatories Nos. 6, 7, 13 and 14.

Defendant's responses to the following four interrogatories are also in dispute:

**6. How many Caucasians, in Plaintiff's office, have the same number of years and experience as Plaintiff but have been deprived of a recommended promotion?**

**7. How many Caucasians, in Plaintiff's office, have trained people formally or informally and the very ones trained have been promoted to a higher grade, in the same office, than the Caucasians who trained them?**

**13. How did Plaintiff make excessive telephone calls when no official limitation was placed on number of calls?**

**14. Why did the Defendant promote someone trained and/or taught by Plaintiff over him?**

Defendant's initial responses to these interrogatories were as follows:

**6. How many Caucasians, in Plaintiff's office, have the same number of years and experience as Plaintiff but have been deprived of a recommended promotion?**

Defendant objects to this request as overly broad, vague and because it calls for a factual conclusion that employees were "deprived" of a recommended promotion. This request does not adequately limit the scope of employees by objective means, but rather requests information regarding a nebulous group of Caucasian employees based on their relation to Plaintiff. Furthermore, as stated, this request calls for Defendant to conclude that Plaintiff was "deprived" of a promotion. Promotion, non-competitive or otherwise, is not a right and therefore it is not possible to "deprive" an employee of a recommended promotion. See HROWASHDC MERIT PROMOTION INSTRUCTION 12335.IF at 6, ROI at 259 ("Employees are not entitled to promotion at any time and no promise of promotion is implied by selection to a career ladder position."). Additionally, this interrogatory calls for Defendant to accept specific, unsupported assumptions contained within the Interrogatory itself in order to respond, including the assumption that Plaintiff

5

was deprived of a recommended promotion.

**7. How many Caucasians, in Plaintiff's office, have trained people formally or informally and the very ones trained have been promoted to a higher grade, in the same office, than the Caucasians who trained them?**

Defendant objects to this request as vague, overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. This request is vague in that it neither sets out the criteria with which to define "trained" in the context of the interrogatory nor clearly explains who "the very ones trained" refers to. This request is overly broad in that it does not adequately limit the scope of employees by objective means (see Defendant's Response to Interrogatory No. 6, above) and fails to limit the scope of the interrogatory to a specific period of time. This request is unduly burdensome as the information requested regarding formal and informal training is not kept by Defendant and therefore would require an extensive investigation by Defendant in order to determine who participated in training other employees and in what capacity. Additionally, this interrogatory calls for Defendant to accept specific, unsupported assumptions contained within the Interrogatory itself in order to respond, including the assumption that Plaintiff was involved in training, and therefore it is not clear how a response to this request would be relevant to Plaintiff's case. See Defendant's Response to Interrogatory No. 3, above.

**13. How did Plaintiff make excessive telephone calls when no official limitation was placed on number of calls?**

Defendant can not formulate an answer to this Interrogatory because the question is unclear. This Interrogatory fails to state the basis for the conclusion that Plaintiff made excessive phone calls, that there was no official limitation on the number of phone calls, what policy Plaintiff refers to or what phone calls Plaintiff refers to. Defendant further objects as this is not an issue in the pending litigation in this matter and is therefore not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this interrogatory calls for Defendant to accept specific, unsupported assumptions contained within the Interrogatory itself in order to respond, including the assumption that Plaintiff made excessive phone calls and there was no official limitation on the number of calls Plaintiff was allowed to make. See Response to Interrogatory No. 10, above. Moreover, to the extent a response is required, all employees who abuse their phone privileges are required to reimburse the government to the extent the government is aware of such abuse.

**14. Why did the Defendant promote someone trained and/or taught by Plaintiff over him?**

Defendant objects to this request as vague, overly broad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. See Response to Interrogatory

6

No. 7, above.  Additionally, this request is vague as it fails to identify which individuals were allegedly trained by Plaintiff and/or promoted.  Without information as to the identity of the employee this Interrogatory seeks information regarding, Defendant is unable to provide a response as to why that employee was promoted.  Additionally, this interrogatory calls for Defendant to accept specific, unsupported assumptions contained within the Interrogatory itself in order to respond, including the assumption that Plaintiff trained any other employees.  Should Plaintiff clarify this interrogatory, Defendant would be willing to attempt to further respond.

Attachment 7, hereto.  In his first motion to compel, plaintiff represented that the interrogatory answers were evasive.  R. 7 at 1.  With regard to Interrogatories 6 and 7, plaintiff asserted defendant did not answer them, but only objected and stated that he "wants" an answer. See R. 7 at Exhibit B, p. 2.  With regard to Interrogatory 13, plaintiff complained that "Defendant must familiarize itself with the EEOC's ROI.  The basis for this interrogatory and all it relies on is provided in the ROI."  Id., p. 3.  Plaintiff also referenced some general instructions he set forth for the manner in which the answer should be formulated. Id. With regard to Interrogatory 14, plaintiff identifies Ms. Floramae Thompson, Ms. Cindy Lilly & Ms.Hermes McAnulty as individuals who were provided with introductory training by plaintiff and then promoted over him. Id.   Armed with this additional information, defendant determined to supplement its initial responses.  On November 30, 2007, defendant provided the following supplemental answers:

**Interrogatory 6 states: "How many Caucasians, in Plaintiff's office, have the same number of years and experience as Plaintiff but have been deprived of a recommended promotion?"**

 Defendant supplemented his answer with:

To the extent that plaintiff is attempting to arrive at the number of employees who have the same work experience as plaintiff or less, but were promoted to the GS-11 level, defendant states that none of the employees listed in Response No. 1 have had the same work experience or performance appraisals as plaintiff.  To the extent that plaintiff is attempting to determine whether plaintiff had more federal government service than others who may have been pomoted to the GS-11 level, the personnel files of the individuals listed in No. 1 have been provided to plaintiff so that he may perform such calculations.

**Interrogatory 7 states: "How many Caucasians, in Plaintiff's office, have trained people formally or informally and the very ones trained have been promoted to a higher grade, in the same office, than the Caucasians who trained them?**

Defendant supplemented his answer with:

To the extent that this interrogatory is attempting to establish that plaintiff trained a number of other employees who were subsequently promoted to the GS-11 level, defendant is unable to provide such information after a good faith investigation into the matter. See Defendant's Response to Interrogatory No. 3, above.

**Interrogatory 13 states: "How did Plaintiff make excessive telephone calls when no official limitation was placed on number of calls?"**

Defendant supplemented his answer with:

Plaintiff used the Department of Navy's telephone system for his own personnel use and, in doing so, incurred unauthorized costs which he was required to repay.

**Interrogatory 14 states: "Why did the Defendant promote someone trained and/or taught by Plaintiff over him?"**

.Defendant supplemented his answer as follows:

Plaintiff has identified specific individuals in his representations to Defendant's counsel concerning his view of Defendant's inadequate response to Interrogatory No. 14. Defendant does not believe that the individuals identified by plaintiff as having been trained by him were, in fact, trained by him, and, therefore, defendant is unable to respond to this interrogatory because Defendant disputes the premise upon which it is based.

Plaintiff was not satisfied with the supplemental responses and again without conferring

with counsel for defendant, filed a second motion to compel on January 16, 2008. R 18.

Plaintiff did not identify why the supplemental responses were insufficient, but he averred that

they remain unanswered. See Id. at paragraph 13. Then, he offered the Response Plaintiff

Desires Due to Defendant's Evasiveness/Non-Responsiveness. Id. With regard to the four

interrogatories identified, plaintiff wanted the following responses:

Interrogatory 6: Plaintiff's wants the following response: "none of the Caucasian

8

employees in Plaintiff's offices have been deprived of a recommended promotion with the same number of years and experience as Plaintiff."

Interrogatory 7: Plaintiff wants the following response "No Caucasians in Plaintiff's offices have trained people and the ones trained have been promoted to a higher grade in the same office over the Caucasians who trained them."

Interrogatory 13: Plaintiff wants the following response: "Plaintiff did not make excessive telephone calls because there are no limits on number of calls in the office."

Interrogatory 14: Plaintiff wants the following response: "Caucasians were promoted over Plaintiff after he trained them, and there was no non-discriminatory reason for such."

Id. at p. 7.  Defendant again submits that if plaintiff was seeking admissions from defendant, the onus was on him to file a Request for Admissions, not attempt to convert response to interrogatories or document requests into admissions.

Finally, in his most recent filing [R. 27 at p. 1], plaintiff simply represents that "Defendant still refuses to answer the two document requests and four interrogatories despite the Federal Rules, a pending motion to compel, and a Court ORDER."   Relying on Butera v. District of Columbia, 235 F.3d 637 (D.C. Cir. 2001) and Webb v. District of Columbia, 146 F.3d 964 (D.C. Cir. 1998), plaintiff asks this Court for a default judgment against defendant because in his view there has been (1) prejudice to plaintiff; (2) prejudice to the judicial system, and (3) disrespect for the Court. R. 27, pp. 2-3.

Plaintiff claims he has been prejudiced because the responses would provide "heavy evidentiary weight" that "Caucasians similarly situated as Plaintiff" were being treated "favorably regarding promotions."   Id. at p. 3.  However, as the answer to Interrogatory 2 shows, none of the individuals who were promoted to the GS-11 level position were promoted during the relevant time period of plaintiff's "nonpromotion" claim (which defendant asserts, in any

9

event, was not exhausted). See Attachments 4-6 & R. 19. (Defendant's dispositive motion).

Plaintiff claims that the Court has been prejudiced because it has had to modify its docket several times in response to defendant's alleged failure to respond.. R. 27, p. 3. However, because plaintiff has refused to engage defendant in a discourse aimed at resolving his discovery issues and, instead, submitted unnecessary filings to the Court, without conferring with counsel before they were filed, it is he who has disrupted the Court's calendar, not defendant. Further, plaintiff's claim that defendant has shown disrespect to the Court is simply not supported by the record. He cites as an example of the alleged disrespect, the purported fact that "[t]his Court Ordered [defendant] to respond by January 31, 2008, and it did not." R. 27, p. 3. That is a bald misstatement of the Court's order. Instead of mandating further responses from defendant, the Court ordered: "that **any** further responses by defendant to plaintiff's discovery request shall be served on plaintiff by not later than January 31, 2008." R. 22 (emphasis added). Nothing in the language of the order dictates that additional responses are necessary. The Court simply provides a deadline by which additional responses may be provided, should defendant determine to again supplement his earlier responses.

## III.  Conclusion

Because plaintiff has presented no facts or argument to warrant Rule 37 sanctions in this case, defendant respectfully requests that plaintiff's Second Motion to Compel be denied. A proposed order is attached.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

11

Attachment 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MICHAEL E. LIPSCOMB,     )
                         )
        Plaintiff,     )
                         )
     v.             )     C.A. No. 1:07CV00103 (JDB)
                         )
DONALD C. WINTER,     )
Secretary of the Navy,     )
                         )
        Defendant.     )
                         )

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW the Defendant, Donald C. Winter, Secretary of the Navy, by and

through undersigned counsel, and responds to Plaintiff's First Request for Production of

Documents to Defendant, pursuant to Rule 34 of the Federal Rules of Civil Procedure.

I.      PRELIMINARY STATEMENT:

The information supplied in this response is the information currently available to

the attorneys for Defendant, through due diligence, and Defendant therefore reserves the

right to supplement or modify these answers should additional information become available

through Defendant's continued work on this case. If additional information is located that is

responsive to these document requests, Defendant reserves the right to assert such privileges

and objections to discovery as may be appropriate.

II.      GENERAL OBJECTIONS:

*Attachment 1*

Defendant responds to these Requests for Production of Documents subject to the accompanying objections, without waiving and expressly preserving all such objections. Defendant also submits responses to these Requests for Production of Documents subject to, without intending to waive and expressly preserving any objections as to competency, relevancy, materiality and admissibility of any of the documents produced.

Defendant objects to these Requests for Production of Documents to the extent that Plaintiff seeks information protected by the attorney work product doctrine and/or privileged attorney-client communications or any other applicable privilege. Defendant further objects to these Requests to the extent Plaintiff seeks or purports to impose upon Defendant obligations other than those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Columbia. Defendant's obligation to respond to these Requests for Production of Documents is prescribed by, and Defendant hereby responds in accordance with, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia.

Each and every response to these requests is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the answer.

III.    DOCUMENTS REQUESTED:

**1. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show [1] all promoted employees in Plaintiff's office since 1997, [2] their race or ethnicity, [3] their years of service, and [4] the reason for their promotion.**

**Response:** Defendant objects to this request as not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad and overly burdensome. This request is not relevant as Plaintiff's discrimination complaint concerns a promotion he sought in 1997, and therefore any events following the alleged discrimination are not relevant to his claim. Without waiving said objections, Plaintiff is directed to review documents detailing promotions of K1 employees from October 1, 1997, through September 30, 1999, which is located within the Report of Investigation ("ROI"), DON No. 99-68469B-001, pages 50-53. The ROI is in the Plaintiff's possession. However, should he need another copy, defendant will provide one to him.

**2. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show all Caucasians, in Plaintiff's office, formally investigated for accusations of sexual harassment the accuser refused to provide the EEO Investigator with an affidavit of such allegation**

      **Response:** Defendant objects to this request as not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objections, Defendant presently knows of none.

**3. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show all trainees, in Plaintiff's office, promoted above their Caucasian trainer.**

      **Response:** Defendant objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant knows of no such records.

**4. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show all Caucasians, in Plaintiff's office, deprived of a recommended promotion when his or her**

**work performance was within the parameters of the Performance Appraisal Review System.**

      **Response:** Defendant objects to this request as not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, and overly burdensome. Without waiving these objections, Defendant knows of no records reflecting this information.

**5. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show all Caucasians, in Plaintiffs office, deprived of a recommended GS-11 promotion based, in part, on performance in a previous temporary GS-11 position.**

      **Response:** Defendant objects to this request as not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, and overly burdensome. Without waiving these objections, Defendant knows of no records reflecting this information.

**6. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff failing to do his job within the parameters of the Performance Appraisal Review System.**

      **Response:** All documents presently known to Defendant that are responsive to this request are contained within the ROI.

**7. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff making any statements about vasectomy and/or sperm count.**

      **Response:** All documents presently known to Defendant that are responsive to this request are contained within the ROI.

**8. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show failures in Plaintiff's work performance warranting the following criticism: "He could not complete simple tasks in all elements."**

       **Response:** All documents presently known to Defendant that are responsive to

this request are contained within the ROI.

**9. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show the amount of sick leave taken by Plaintiff from 1997 to the present, and the stated reasons therefor.**

       **Response:** Defendant is presently attempting to gather the records sought in this

interrogatory and will provide such records as they become available.  However, presently

the records are not available.  Defendant notes that this information should be in Plaintiff's

own records.

**10. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show the duties performed by GS-11 employees who are physically absent from the office.**

       **Response:** Defendant objects to this request as unclear, irrelevant and not

reasonably calculated to lead to the discovery of admissible evidence.  However, without

waiving any objections, should Plaintiff clarify his request, Defendant will endeavor to

answer it.

**11. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show the job description for a GS-11 in Plaintiff's office for the period 1997—2007.**

       **Response:** Defendant objects to this request as vague and overly broad in that it

fails to specify which GS-11 positions the request calls for.  Further, this request is not

relevant and not reasonably calculated to lead to the discovery of admissible evidence as to

any job descriptions past 1997, as Plaintiff's complaint concerns his non-selection in 1997.

Without waiving these objections, Defendant refers Plaintiff to the Position Description for a

GS-1173-11 Housing Management Specialist, found in the ROI at 158-163.

**12. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show the duties Plaintiff performs in the office in the absence of GS-11 employees.**

**Response:** Defendant objects to this request as overly broad and vague, as it is

not limited in scope to any specific period of time. Furthermore, this request is not relevant

and not reasonably calculated to lead to the discovery of admissible evidence as the request

does not seek information related to the allegations in Plaintiff's complaint. See also

Response to Request No. 11, above.

**13. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever (not already provided) which were (or will be) used in answering Plaintiff's interrogatories.**

**Response:**    All other relevant documents reviewed in answering Plaintiff's

request for interrogatories have been provided herein or are a part of the ROI.

**14. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show statements of Plaintiff bearing directly or indirectly on the matters of this case.**

**Response:** All documents presently known to Defendant that are responsive to

this request are contained within the ROI.

**15. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show any expert opinions or statements Defendant intends to use at any time in this case.**

**Response:**    Defendant has no responsive documents.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610

United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

ISAAC J. NATTER, Esq.
Assistant Counsel
U.S. Department of the Navy
Naval District Washington
Bethesda Branch
National Naval Medical Center

Attachment 2

# EXHIBIT "B"

17 September 2007

Claire Whitaker
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W. — Room E4204
Washington, D.C. 20503

RE:   Defendant's Evasive Interrogatory Answers
& Failure To Provide Any Requested
Documents

Dear Ms. Whitaker:

Below is my response to all of the Defendant's evasive interrogatory answers and failure to produce requested documents (in violation of F.R.Civ.P., Rule 37[a][3]). Due to the terrible effort at providing responses and the clear attempt to escape divulging basic information, this will be my only letter to bring Defendant into compliance with the rules of procedure (i.e., my F.R.Civ.P., Rule 37[a][2][A] effort). Please understand that this letter serves as [1] Plaintiff's good faith effort to resolve a discovery dispute, [2] Plaintiff's notice to Defendant that a motion to compel, pursuant to F.R.Civ.P., Rule 37, will follow if Defendant continues to not answer interrogatories and provide requested documents, [3] Plaintiff's exhaustion of all attempts to secure disclosure without court action, and [4] Plaintiff's LCvR 7(m) invitation to discuss his anticipated motion. Plaintiff will make an exception to sending this one letter alone **IF** Defendant makes an honest effort to answers interrogatories and provide responsive documentation within two weeks.

## INTERROGATORIES

One, as a general elimination of Defendant's common excuses for not answering interrogatories, be it known that [A] the time period referenced in all interrogatories (if not stated otherwise) is the time Plaintiff worked in the office where he was not promoted, [B] any interrogatory Defendant fails to answer on the basis of "not knowing the meaning of some term" should be answered with the meaning Defendant does know,

ATTACHMENT 2

explaining what that meaning is (if it is unusual), and [C] whatever the Defendant believes the interrogatory "calls for" is an assumption on Defendant's part, not a justification to avoid answering; Defendant may answer the interrogatory in the following manner, "With the understanding by both parties that the interrogatory assumes facts in dispute, Defendant answers as follows:_____."

Two, below are Plaintiff's responses to Defendant's evasive interrogatory answers.

| Interrogatory Number | Plaintiff Response To Evasive Answer |
|---|---|
| 1 | Insufficient since the promotion of others after 1997 in the office where Plaintiff did not get promoted is relevant to Plaintiff's non-promotion. |
| 2 | Same as #1 above. Also, federal agencies do keep the information requested herein since such has been obtained in the past by counsel for Plaintiff. Defendant must simply seek the information diligently and sincerely. |
| 6 | You failed to answer the interrogatory after stating your interpretation of "deprived, objective means," and what the interrogatory "call for." Kindly answer the interrogatory's inquiry about Caucasians, having the same number of years and experience as Plaintiff, not promoted after such was recommended. |
| 7 | You failed to answer the interrogatory after stating your interpretation of "vague, broad, and burdensome." Regarding time period and meaning of terms, see the second paragraph of this letter above. Then, kindly answer the interrogatory's inquiry about Caucasians in Plaintiff's office who trained people and those people were promoted over their Caucasians trainers. |
| 9 | You failed to answer the interrogatory. The people information is sought on are potential witnesses, and such information will be used solely for that purpose. Hence, Defendant's refusal to provide their whereabouts is evasive and prejudicial to Plaintiff's case. |

| 10 | After your interpretation of "vague, overly broad, not relevant," and what the interrogatory "calls for," you failed to answer the interrogatory. Kindly answer the interrogatory with, for example, "There are none." Or, instruction (d) information if there are some. |
| 11 | Same as #10 response above. |
| 12 | The second paragraph of this letter gives you the guidance needed to answer. |
| 13 | Defendant must familiarize itself with the EEOC's ROI. The basis for this interrogatory and all it relies on is provided in the ROI. Also, response #12 above. |
| 14 | Ms. Floramae Thompson, Ms. Cindy Lilly, & Ms. Hermes McAnulty were provided introductory training by Plaintiff and then promoted over him. Kindly answer the interrogatory. |
| 16 | You evaded the question and are answering what is not asked. It did not ask which GS-11s worked in Plaintiff's office. It asked how many of them physically worked day-to-day in the office. |
| 17 | Same as response #16 above. |
| 18 | Same as response #16 above. |
| 19 | Same as response #16 above. |
| 22 | You evaded the question. If "Outstanding" is no longer used, whatever is equivalent or similar may be used in answering. Not answering is improper. |
| 24 | The ROI detailed Ms. Brown's criticisms, and it reveals no documented criticisms of the kind in the past. Hence, you evaded the question with your statements about "matters, vague, unclear, etc." and your assumptions about what the questions "calls for." |
| 25 | Same as response #24 above. |

## REQUEST FOR PRODUCTION OF DOCUMENTS

<u>None</u> of the documents requested were provided.  Continuous non-production will not only produce a motion to compel but will also be interpreted favorably for Plaintiff and brought to the court's attention accordingly.

| Document Request | Response |
|---|---|
| 1 | All promotions after 1997 are relevant for comparison purposes since Plaintiff still works in the department. |
| 6 | **What page or pages?**  Referencing the ROI generally does not provide a specifically responsive document. |
| 7 | Same as response #6 above. |
| 8 | Same as response #6 above. |
| 10 | What clarity is needed for GS-11 duties performed by the physically absent from office?  Defendant has already admitted, and Plaintiff knows first hand, that there are GS-11 supervisors absent from the office for medical reasons.  Where are the documents showing their duties? |
| 12 | Evasive.  Plaintiff was deprived of his recommended promotion to a GS-11.  The duties he performs in the office in the absence of GS-11 supervisors is relevant since doing GS-11 work without the promotion is quite material in Plaintiff's case.  Where are the records showing the duties being performed by Plaintiff? |

This month, I await answers to Plaintiff's interrogatories and responses to Plaintiff's RPD, not continuous evasion.

Respectfully,
/s/
Rev. Rickey Nelson Jones, Esq.

Attachment 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL E. LIPSCOMB,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **C.A. No. 1:07CV00103 (JDB)** |
| ) | |
| **DONALD C. WINTER,** ) | |
| **Secretary of the Navy,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW the Defendant, Donald C. Winter, Secretary of the Navy, by and

through undersigned counsel, and supplements his responses to Plaintiff's First Request

for Production of Documents to Defendant, pursuant to Rule 34 of the Federal Rules of

Civil Procedure.

PRELIMINARY STATEMENT

Defendant has provided complete and accurate responses to plaintiff's first

request for production of documents. However, in an effort to resolve the discovery

disputes between the parties, and without waiving his objections, defendant further

responds as follows:

**1. All documents, papers, memorandums, graphs, charts, printouts,**
**computer-produced data, and writings or information of any kind whatsoever which**
**show [1] all promoted employees in Plaintiff's office since 1997, [2] their race or**
**ethnicity, [3] their years of service, and [4] the reason for their promotion.**

**Response:** This discovery request is not reasonably calculated to lead to the

discovery of admissible evidence in this case, as Plaintiff's claim of nonpromotion

1

*Attachment 3*

involves a claim in 1997 of failure to promote. Without waiving objections noted in

Defendant's initial response, Defendant has expanded his response to include 1997 to the

present, but continues to direct Plaintiff to the documents detailing promotions of K1

employees from October 1, 1997, through September 30, 1999. This information is

located within the Report of Investigation ("ROI"), DON No. 99-68469B-001, pages 50-

53. With regard to additional information, defendant notes that the plaintiff's employing

agency does not record the race or ethnicity of employees who have been promoted in a

retrievable form. Defendant has attempted to identify the race of the employees listed in

Defendant's Supplemental Response to Interrogatory No. 1. To the extent that years of

service and promotion information may appear in the employees' Official Personnel File

("OPF") identified in Interrogatory Response # 1, their OPFs have been ordered on an

expedited basis from the Records Storage facility used by the Department of the Navy and

upon receipt, defendant will share the relevant information with plaintiff, subject to the

Privacy Act Consent Order recently approved by the Court.

**6. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff failing to do his job within the parameters of the Performance Appraisal Review System.**

**Response.** Defendant refers Plaintiff to Report of Investigation ("ROI") in this case at

to ROI pages: 5 - 7, 10 - 13, 33 - 36, 38, 40, 165-171, 192-197, 202-203, 211-213, 231-

232, 235-242.

**7. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff making any statements about vasectomy and/or sperm count.**

2

**Response:** Plaintiff is referred to the ROI pages: 6 - 7, 10-13, 35-36, 42-44, 145-151, 228.

**8. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show failures in Plaintiff's work performance warranting the following criticism: "He could not complete simple tasks in all elements."**

**Response:**  See response to #6, above.

**10. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show the duties performed by GS-11 employees who are physically absent from the office.**

**Response:** Attached.

**12. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show the duties Plaintiff performs in the office in the absence of GS-11 employees.**

**Response:** Attached.

Respectfully submitted,

_____/s/_____

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____

RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

_____/s/_____

CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

ISAAC J. NATTER, Esq.
Assistant Counsel
U.S. Department of the Navy
Naval District Washington
Bethesda Branch
National Naval Medical Center

Attachment 4

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MICHAEL E. LIPSCOMB,                    )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )        C.A. No. 1:07CV00103 (JDB)
                                        )
DONALD C. WINTER,                       )
Secretary of the Navy,                  )
                                        )
            Defendant.                  )
_____ )

### DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO DISCOVERY

#### 1. DEFENDANTS' SUPPLEMENTAL RESPONSES TO
#### PLAINTIFF'S INTERROGATORIES TO DEFENDANT

Pursuant to this Court's order of January 18, 2008, and in an effort to resolve the

parties discovery dispute, defendant voluntarily provides the following supplemental

responses to plaintiff's interrogatories as defendant understands the parties' agreement at

a face to face meeting on January 23, 2008.  (Note, defendant neither waives his

previously objections or believes that its earlier responses were inadequate).

**Interrogatory # 2. With respect to the individuals provided in answer to #1
above [Floremae Thompson, Hermes McNulty, Cynthia Lilly, Peggy McWhite, Rise
Neal, Cheryl Thompson, Patricia Anderson, and Kelly Siebert], provide their . . .
years of service in the agency, [d] years of experience in Plaintiff's office, [e] years of
post-high school education, [f] years at the next lower grade before getting the
promotion, [g] reason(s) they were promoted, . . .**

As noted in defendant's previously responses, although defendant believes that

plaintiff's claim before the Court is limited to claims between 1997-1999, when he

sought counseling and pursued his formal complaint before the agency, and that

subsequent promotions of other employees are therefore not reasonably calculated to lead

*Attachment 4*

to the discovery of admissible evidence, in order to avoid discovery litigation and in light

of the Privacy Act Consent Order recently entered by the Court, defendant supplements

his responses to Interrogatory No. 1 as follows.

 1. Ms. Floramae (Teasha) T. Thompson - (Caucasian, female, Service Comp.

Date (SCD): 08/22/1987) - Ms. Thompson was temporarily promoted to GS-1173-11 not

to exceed 9/15/2000 on 6/18/2000. Ms. Thompson subsequently competed for and was

selected for a permanent GS-1173-11 position on 7/16/2000 from Merit Promotion

Certificate CAP/00E/002/CJ dated 05/25/2000.

 **Supplemental Information**:

 Years of Service in the Department of the Navy: 21 years (commencing 8/22/87)
 No. of Years in Housing Division: 12 years
 Years of Post-High School Education when first applied to Housing: 0
 Years at the GS-9 (or lower grade) before promotion to GS-11: 1 and 1/2 years.
 Reason for the Promotion to GS-11: Selected on Merit.

 2. Mr. Hermes J. McAnulty - (Pacific Islander, male) – Competed for and was

selected to a GS-1173-11 on 4/29/2007, selected from Merit Promotion Certificate NW7-

GS1173-11-K1599625-CMP-28, Dated 2/28/2007.

 **Supplemental Information**:

 Years of Service in the Department of the Navy: years (commencing )
 No. of Years in Housing Division:  years
 Years of Post-High School Education when first applied to Housing:
 Years at the GS-9 (or lower grade) before promotion to GS-11: year.
 Reason for the Promotion to GS-11:

 3. Ms. Cynthia Lilly - (Caucasian, female) - Promoted to GS-1173-11 in 2005.

In 2007, Ms. Lilly was terminated for her medical inability to work.

**Supplemental Information**:

Years of Service in the Department of the Navy: years (commencing )
No. of Years in Housing Division:  years
Years of Post-High School Education when first applied to Housing:
Years at the GS-9 (or lower grade) before promotion to GS-11: year.
Reason for the Promotion to GS-11:

4. Peggy McWhite - (African American, female) - Promoted to GS-1173-11 on

03/28/2004. In 2007, Ms. McWhite was terminated for her medical inability to work.

Years of Service in the Department of the Navy: years (commencing )

No. of Years in Housing Division:  years
Years of Post-High School Education when first applied to Housing:
Years at the GS-9 (or lower grade) before promotion to GS-11: year.
Reason for the Promotion to GS-11:

5. Ms. Rise Neal - (African American, female) - Promoted from GS-1173-09 to

GS-1173-11 temporarily on November 4, 2001 and permanently in 2003.

Years of Service in the Department of the Navy: years (commencing )
No. of Years in Housing Division:  years
Years of Post-High School Education when first applied to Housing:
Years at the GS-9 (or lower grade) before promotion to GS-11: year.
Reason for the Promotion to GS-11:

6. Ms. Cheryl Thompson (African American, female), was competitively

promoted from GS-1173-09 to GS-1173-11 on November 19, 2000. She was selected

from Merit Promotion Certificate CAP/00E/0120/CJ dated 10/20/2000.

Years of Service in the Department of the Navy: years (commencing )
No. of Years in Housing Division:  years
Years of Post-High School Education when first applied to Housing:
Years at the GS-9 (or lower grade) before promotion to GS-11: year.
Reason for the Promotion to GS-11:

7. Ms. Pamela Driggers (African American, female) – Competitively promoted to

a GS-1173-11 in 1999.

Years of Service in the Department of the Navy: years (commencing )
No. of Years in Housing Division: years
Years of Post-High School Education when first applied to Housing:
Years at the GS-9 (or lower grade) before promotion to GS-11: year.
Reason for the Promotion to GS-11:

8. Ms. Patricia Anderson (Caucasian, female), was hired as a GS-1173-11 on

September 17, 2006 in a competitive interview process from NAS Jacksonville, FL. She

was selected from Announcement No. NW6-GS1173-11-K1412774-CMP-26, dated

06/26/2006.

Years of Service in the Department of the Navy: years (commencing )
No. of Years in Housing Division: years
Years of Post-High School Education when first applied to Housing:
Years at the GS-9 (or lower grade) before promotion to GS-11: year.
Reason for the Promotion to GS-11:

9. Ms. Kelly Siebert - (Caucasian, female) – Competitively promoted to a GS-

1173-11 position in 200????3 or 2004.

Home Address:
Home Telephone:
Work Address: Air Force, Colorado
Work Telephone: (202) 433-0838

Interrogatory 16 - Of the individuals in GS-11 positions in Plaintiff's office, how many
of them physically work day-to-day- -in- the office?

Answer: All of them, except those previously indicated as being out of the office

on workers' compensation.

## 2. DFENDANTS' RESPONSE TO PLAINTIFF'S
## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant has no additional responses to the Document Requests Nos. 6 and 7, and

restates its earlier response  herein and incorporates the previously made objections..

III. <u>DOCUMENTS REQUESTED</u>:

**6. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff failing to do his job within the parameters of the Performance Appraisal Review System.**

     **Response:** All documents presently known to Defendant that are responsive

to this request are contained within the ROI.

**7. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff making any statements about vasectomy and/or sperm count.**

     **Response:** All documents presently known to Defendant that are responsive to

this request are contained within the ROI.

                         Respectfully submitted,

                             /s/
                        JEFFREY A. TAYLOR , D.C. Bar # 498610
                        United States Attorney

                             /s/
                        RUDOLPH CONTRERAS, Bar # 434122
                        Assistant United States Attorney

                             /s/
                        CLAIRE WHITAKER, D.C. Bar # 354530
                        Assistant United States Attorney
                        United States Attorneys Office
                        Civil Division
                        555 4th Street, N.W., Room E-4204
                        Washington, D.C. 20530
                        (202) 514-7137

ISAAC J. NATTER, Esq.
Assistant Counsel
U.S. Department of the Navy
Naval District Washington
Bethesda Branch
National Naval Medical Center

Attachment 5

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL E. LIPSCOMB,      )
)
        Plaintiff,      )
)
     v.      )     C.A. No. 1:07CV00103 (JDB)
)
DONALD C. WINTER,      )
Secretary of the Navy,      )
)
        Defendant.      )
                      )

### DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO DISCOVERY

#### 1. DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT

Pursuant to this Court's order of January 18, 2008, and in an effort to resolve the parties discovery dispute, Defendant voluntarily provides the following supplemental responses to Plaintiff's interrogatories as Defendant understands the parties' agreement at a face to face meeting on January 23, 2008. (Note, Defendant neither waives his previous objections nor believes that its earlier responses were inadequate).

**Interrogatory # 2. With respect to the individuals provided in answer to #1 above [Floremae Thompson, Hermes McNulty, Cynthia Lilly, Peggy McWhite, Rise Neal, Cheryl Thompson, Patricia Anderson, and Kelly Sieber], provide their . . . [c] years of service in the agency, [d] years of experience in Plaintiff's office, [e] years of post-high school education, [f] years at the next lower grade before getting the promotion, [g] reason(s) they were promoted, . . .**

*Attachment 5*

**Answer to Interrogatory #2:**

As noted in Defendant's previous responses, although Defendant believes that

Plaintiff's claim before the Court is limited to claims between 1997-1999, when he sought

counseling and pursued his formal complaint before the agency, and that subsequent

promotions of other employees are therefore not reasonably calculated to lead to the

discovery of admissible evidence, in order to avoid discovery litigation and in light of the

Privacy Act Consent Order recently entered by the Court, Defendant supplements his

responses as follows:

1. Ms. Floramae (Teasha) T. Thompson - (Caucasian, female, Service Comp. Date (SCD):

08/22/1987) – Promoted to a permanent GS-1173-11 position on 7/16/2000.

> **Supplemental Information:**
>
> Years of Service in the Department of the Navy: 21 years (commencing 8/22/87)
> No. of Years in Housing Division: 12 years
> Years of Post-High School Education when first applied to Housing: $0^1$
> Years at the GS-9 (or lower grade) before promotion to GS-11: 1.5 years.
> Reason for the Promotion to GS-11: Selected on Merit in a competitive selection
> process from Merit Promotion Certificate CAP/00E/002/CJ dated 05/25/2000.

2. Mr. Hermes J. McAnulty - (Pacific Islander, male) – Promoted to a GS-1173-11 on

4/29/2007.

> **Supplemental Information:**
>
> Years of Service in the Department of the Navy: 11 years (commencing 2/2/97)

---

1 All responses regarding post high school education are based on information from the individuals' Official Personnel File
(OPF). The individuals may have had further post-secondary education not reflected in their OPFs. Plaintiff has been
provided with contact information for all of these individuals and may therefore contact them directly to verify this
information.

2

No. of Years in Housing Division: 11 years
Years of Post-High School Education when first applied to Housing: 1 year.
Years at the GS-9 (or lower grade) before promotion to GS-11: 6 years.
Reason for the Promotion to GS-11: Selected on merit in a competitive promotion
process from Merit Promotion Certificate NW7-GS1173-11-K1599625-CMP-28, Dated
2/28/2007.

3. Ms. Cynthia Lilly - (Caucasian, female) - Promoted to GS-1173-11 in 2005.

**Supplemental Information:**

Years of Service in the Department of the Navy: 20 years (commencing 9/28/87)
No. of Years in Housing Division: 11 years
Years of Post-High School Education when first applied to Housing: 60 classroom hours
at Entre Computer Center (1990).
Years at the GS-9 (or lower grade) before promotion to GS-11: 8 years.
Reason for the Promotion to GS-11: Career Ladder Promotion

4. Ms. Peggy McWhite - (African American, female) - Promoted to GS-1173-11 on 03/28/2004.

**Supplemental Information:**

Years of Service in the Department of the Navy: 17 years (commencing 11/18/ 90)
No. of Years in Housing Division: 14 years
Years of Post-High School Education when first applied to Housing: 4 years
Years at the GS-9 (or lower grade) before promotion to GS-11: 3 years.
Reason for the Promotion to GS-11: No reason given in Official Personnel File, except
the action is designated a promotion.

5. Ms. Rise Neal - (African American, female) - Promoted to a permanent GS-1173-11 on

December 16, 2001.

**Supplemental Information:**

Years of Service in the Department of the Navy: 27 years (commencing 11/10/80).
No. of Years in Housing Division: 27 years
Years of Post-High School Education when first applied to Housing: 3.5 years.
Years at the GS-9 (or lower grade) before promotion to GS-11: 17 years.
Reason for the Promotion to GS-11: Selected on merit in a competitive promotion
process from CAPNWC01-1173-11-464, dated 29-NOV-2001.

3

6.  Ms. Cheryl Thompson (African American, female) promoted to GS-1173-11

on November 19, 2000.

> **Supplemental Information:**
>
> Years of Service in the Department of the Navy: 14 years (commencing 5/1/93).
> No. of Years in Housing Division: 14 years.
> Years of Post-High School Education when first applied to Housing: 1 year.
> Years at the GS-9 (or lower grade) before promotion to GS-11: 6 years.
> Reason for the Promotion to GS-11: Selected on merit in a competitive promotion
> process from Merit Promotion Certificate CAP/00E/0120/CJ dated 10/20/2000.

7. Ms. Pamela Driggers (African American, female) – Competitively promoted to a GS-1173-11

in 1999.

> **Supplemental Information:**
>
> Years of Service in the Department of the Navy: 21 years (commencing 11/9/86).
> No. of Years in Housing Division: 21 years
> Years of Post-High School Education when first applied to Housing: 33 semester hours.
> Years at the GS-9 (or lower grade) before promotion to GS-11: 5 years.
> Reason for the Promotion to GS-11: Selected on merit in a competitive promotion
> process from Cand. Trans. No. 609-69 dated 12-22-95.

8.  Ms. Patricia Anderson (Caucasian, female)- Promoted to a GS-1173-11 on September 17,

2006.

> **Supplemental Information:**
>
> Years of Service in the Department of the Navy: 21 years (commencing 8/4/86).
> No. of Years in Housing Division: 20 years.
> Years of Post-High School Education when first applied to Housing: zero
> Years at the GS-9 (or lower grade) before promotion to GS-11: 4 years.
> Reason for the Promotion to GS-11: Selected in a competitive appointment/application
> process from Announcement No. NW6-GS1173-11-K1412774-CMP-26, dated
> 06/26/2006.

4

9. Ms. Kelly Sieber - (Caucasian, female) – Competitively promoted to a GS-1173-11 position on August 27, 2000. Ms. Sieber's OPF is unavailable as she is currently employed by the Department of Air Force. Since Ms. Sieber is employed by the Department of the Air Force and not the Department of the Navy, Defendant is unable to obtain her OPF, and therefore has not been able to review it to ascertain the additional information requested by Plaintiff. Defendant attempted unsuccessfully to contact Ms. Sieber before filing this supplementation and learned that she is unavailable until February 4, 2008. Since Ms. Sieiber's home address and telephone number and work address and telephone number have been supplied to Plaintiff, Plaintiff is able to contact Ms. Seiber to determine the information Defendant was unable to obtain.

**Interrogatory 16** - Of the individuals in GS-11 positions in Plaintiff's office, how many of them physically work day-to-day- -in- the office?

Answer: All of them, except those previously indicated as being out of the office on workers' compensation.

## 2. DEFENDANTS' RESPONSE TO PLAINTIFF'S
## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant has no additional responses to the Document Requests Nos. 6

and 7, and restates its earlier response herein and incorporates the previously made

objections as follows:

III.    DOCUMENTS REQUESTED:

**6. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff failing to do his job within the parameters of the Performance Appraisal Review System.**

**Response:** All documents presently known to Defendant that are

responsive to this request are contained within the ROI.

**7. All documents, papers, memorandums, graphs, charts, printouts, computer-produced data, and writings or information of any kind whatsoever which show Plaintiff making any statements about vasectomy and/or sperm count.**

**Response:** All documents presently known to Defendant that are
responsive to this request are contained within the ROI.

As to objections,

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

6

CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

7

Pursuant to 28 U.S.C. § 1746, I, Isaac J. Natter, do hereby certify that I have reviewed Defendant's Second Supplemental Responses to Discovery. The responses are true and correct to the best of my knowledge and belief.

_____
Signature

$1/81/2008$
Date

## CERTIFICATE OF SERVICE

I hereby certify that, this 31st day of January, 2008, I caused a copy of the

foregoing **DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO**

**DISCOVERY** to be sent by e-mail and by first class U.S. Mail, postage prepaid,

marked for delivery to Plaintiff's counsel at:


Rickey Nelson Jones
1701 Madison Avenue
Suite 3 3rd Floor
Baltimore, MD 21217
Email: joneses003@msn.com

CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

Attachment 6



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

January 8, 2008

Rickey Nelson Jones, Esq.
1701 Madison Ave.
Baltimore, MD 21217

Re:  Discovery issues and your letter of 12/21/07.

Dear Mr. Jones:

On October 31, 2007, Defendant initiated a conference call with you to attempt to resolve the concerns as expressed in Plaintiff's Motion to Compel Discovery Responses. During that call, I believed that the parties had reached an agreement as to what additional information would be exchanged in order to avoid a discovery dispute involving the Court. As a result of that discussion, agreements were reached upon which Defendant relied. To that end, Defendant has provided a Supplemental Response to Plaintiff's Discovery and ordered Official Personnel Files for the records facility. However, these agreements now appear to be withdrawn unilaterally by Plaintiff. See Plaintiff's December 21, 2007, letter (received by Defendant on 1/3/08). Because Plaintiff has determined not to be available by email, telephone or otherwise, (unless you choose to communicate with me), I am at a loss as to what more Defendant can do. As you have chosen not to participate in a consultative effort, I am sending this letter and respond to your December 21, 2007, letter, as follows:

**Interrogatory 1 - Consistent with instruction (d) above, identify all persons promoted to a GS-11 in Plaintiffs office since 1997.**

Plaintiff claims Defendant has been unresponsive. See December 21, 2007, letter, p. 1. Although promotions after 1999 are outside of this case, Defendant provided the names, addresses and other information of eight employees in its Supplemental Discovery response of November 30, 2007, who were promoted after 1999. Accordingly, Defendant has answered this interrogatory.

*Attachment 6*

Interrogatory 2. - **With respect to the individuals provided in answer to #1 above, provide their [a] ethnicity, [b] skin color, [c] years of service in the agency, [d] years of experience in Plaintiff's office, [e] years of post-high school education, [f] years at the next lower grade before getting the promotion, [g] reason(s) they were promoted, and [h] who recommended them for a promotion.**

Plaintiff claims that Defendant has been unresponsive. See December 21, 2007, letter, p. 1. As Defendant has noted, this interrogatory would require the agency to engage in speculation as some of the information is not unavailable to Defendant and, although Defendant has identified promoted individuals subsequent to 1999, this information and the requested information in Interrogatory 2, is irrelevant to the claims before the Court. Nevertheless, Defendant has provided in his Supplemental Response to Interrogatory 1, information concerning race, sex, and service computation dates (reflecting years of service). Years of experience, years of post-high school education, and years at the next lower grade before a promotion should be available to plaintiff through review of the Official Personnel Files (OPFs).

In November 2007, Plaintiff agreed to review the employees' OPF. However, now, he has unilaterally rescinded this agreement because there are "too many abbreviations and codes unfamiliar to me for the files to be helpful" and "Defendant (specifically, Mr. Natter)" should find the information. December 21, 2007, at p. 1.

First, Defendant has no duty to create information that does not exist in a retrievable form. Second, the Report of Investigation (ROI) contains certain information for the period of 1997-1999. Third, and for purposes of resolving the discovery dispute, Defendant has offered the OPFs for those individuals who were identified in Interrogatory 1. These OPFs have been made available to Plaintiff's counsel, however, Plaintiff's counsel has reviewed only one. He refuses to indicate what abbreviations and codes are undefined (definitions of the abbreviations on the backs of the forms) or to speak to Defendant at all.

Interrogatory 6. **How many Caucasians, in Plaintiff's office, have the same number of years and experience as Plaintiff but have been deprived of a recommended promotion?**

Plaintiff states that Defendant has been unresponsive. December 21, 2007, letter, at p. 1. First, Defendant does not agree that Plaintiff or any caucasian in Plaintiff's office was "deprived" a promotion." Second, Defendant's supplemental response states, *inter alia,* "that none of the employees listed in Response No. 1 have had the same work experience or performance appraisals as Plaintiff." To the extent that Plaintiff would like to compare years of work and experience of employees, Defendant has provided the OPFs of those promoted in "Plaintiff's office." If Plaintiff now chooses not to review the OPFs, he cannot argue that the information has been withheld.

Interrogatory 7. **How many Caucasians, in Plaintiff's office, have trained people formally or informally and the very ones trained have been promoted to a higher grade, in**

**the same office, than the Caucasians who trained them?**

Plaintiff claims that Defendant has been unresponsive. See December 21, 2007, letter, at p. 2. Defendant contends that all of the individuals in "Plaintiff's office" have engaged in some form of training, including Plaintiff, in the process of working cooperatively. Additional information is simply not available and Defendant will not make it up to satisfy Plaintiff.

Interrogatory 9. **Identify . . , the individuals listed in "Plaintiffs Rule 26 Disclosures", part "A" (with the exception of Ms. Pamela Lipscomb). For all of the individuals you are incapable of giving instruction "d" information for, provide all information in your possession on there whereabouts, including but not limited to the address for mailing pension or retirement checks, address for forwarding property or correspondence, address for making any contact with them whatsoever, address the Office of Personnel Management has presently on file for them, etc.**

Plaintiff desires that Defendant complete his initial disclosures for him. Defendant has provided email addresses for some of the twenty-four names listed, but must speculate as to who the individuals are before responding. Moreover, at Plaintiff's deposition what was made abundantly clear was that most of the individuals on the list were in Plaintiff's new office and are not relevant to the claims before this Court. Indeed, there are names on the list whose relevance are even unknown to Plaintiff. See below.

To recap what has already been provided to Plaintiff by Defendant, Defendant has provided information to plaintiff regarding Glenda Brown, Cheryl Thompson, LCDR Andrew Trotta, Pamela Curry/Driggers, Cindy Lilly, Teasha Thompson. You have information on plaintiff and his wife.

Plaintiff has testified that the following are not government employees and that he had their work telephone numbers: Susan Spencer (Depo, pp. 53, 75-76, 19), Pat Green (Depo, pp. 73-76, 20), Clancy Weaver (Depo, pp. 78, 21), John Dreswick (Depo, pp. 77, 22), Karen Thorton (Depo, pp. 78).

In defendant's supplemental response, defendant provided plaintiff with work information for the following individuals and now provides, herein, their home addresses and telephone numbers: Sharon Reynolds, 5138 Flintridge Dr. Hyattsville, MD 20874, (301) 772-7730 17; Connie Clausen, 46050 Wilson Court, Lexington Park, MD 20653; Terrance Vanhook, 5103 Tinkers Creek Place, Clinton MD 20735, (301) 234-0108 24; Courtney Graham, 5605 Regency Park Court, Apt. 5, Suitland, MD 20746, (240) 838-0801.

Finally, the following is the last known identifying information known to Defendant for: ADM Robert L. Ellis, Jr, USN (Ret.), 1705 Paoli Pike, West Chester, PA 19380-6054, (610) 640-0666; ADM Richard A. Nelson, USN (Ret.), 13129 Page Road, NW, Silverdale, WA 98383, (360) 692-2243 (Home); CSC Denise Samon Arthur, HC 1121, 7857 Blandy Rd Ste 100,

Norfolk VA 23551-2490, DSN Phone No. 565-5200; Lt Brett Blanton, 7909 Falstaff Rd,
McLean, VA 22102 Home number, (703) 842-5308; LCDR (now CPT) Jim M. Wink: (619) 437-
2775; Brenda Smith,117 Clearbrook Way, New Bern, NC, 28562-9589, Phone: 252-636-5996;
George Kenneth Ridgeway, Jr., 7920 Merrill Rd Unit 1408, Jacksonville, FL 32277-6566;
George Coffman, 71 Schoolhouse Way Hedgesville, WV 25427-4141,304-258-9741.

     Interrogatory 13. **How did Plaintiff make excessive telephone calls when no official
limitation was placed on number of calls?**

     Plaintiff complains that the question seeks to know "how did Plaintiff make excessive
telephone calls when no official limitation was established." December 21, 2007, letter, p. 2.
Defendant disputes that there was no policy on excessive/unauthorized use of the telephone.
Defendant has provided the Plaintiff with the policy on telephone use. Moreover, Defendant's
response makes clear that Plaintiff used the telephone to in incur unauthorized costs. He also
admitted that he used the telephone for unauthorized personnel calls during his deposition. If
Plaintiff is seeking to know what method was used to make the calls, Defendant assumes that it
was by dialing his cell land line telephone, but does not know. The unauthorized usage data is
listed in the RIO at pp. 99-106.

     Interrogatory 14. **Why did the Defendant promote someone trained and/or taught by
Plaintiff over him?**

     Plaintiff complains that "What about "taught" by Plaintiff?" December 21, 2007, letter,
p. 2. As noted by Defendant, Defendant does not believe that the individuals identified by
Plaintiff as having been trained (or taught) by him were, in fact, trained (or taught) by him, and
therefore Defendant is unable to respond to this interrogatory because Defendant disputes the
premise upon which it is based.

     Interrogatory 16. **Of the individuals in GS-11 positions in Plaintiff's office, how
many of them physically work day-to-day in the office?**

     Plaintiff's complains that Defendant excluded Cyndy Lilly and Peggy McWhite.
December 21, 2007, letter, p. 2. Neither Lilly, nor McWhite were in the office at the time of
Plaintiff's interrogatory.

     <u>Responses to Request for Production of Documents</u>

     Plaintiff complains that Defendant has not provided sufficient information to respond to
Document Requests 6 and 7. Defendant notes that all of the documents presently known to
Defendant that are responsive to these documents requests have been identified.

     Defendant believes that Plaintiff's letter of December 21, 2007, and the unavailability of
Plaintiff's counsel in these proceedings reflects an unreasonable position and a lack of good faith.

Sincerely yours,

JEFFREY A. TAYLOR
United States Attorney

BY:    _____

CLAIRE WHITAKER
Assistant U.S. Attorney

**produced data, and writings or information of any kind whatsoever which show Plaintiff making any statements about vasectomy and/or sperm count.**

In defendant's initial response to these document requests served on August 31, 2007, defendant responded by referring plaintiff to the Report of Investigation ("ROI") which was in the hands of plaintiff's attorney. Defendant stated that: "All documents presently known to Defendant that are responsive to this request are contained within the ROI," Attachment 1 at Document Requests 6 & 7. On September 24, 2007, defendant's counsel received a letter from plaintiff's counsel (dated 9/17/07) complaining that this response was too broad. Specifically, plaintiff stated: "What page or pages? Referring to the ROI generally does not provide a specifically responsive document." See Attachment 2 at Document Requests 6 & 7. Before defendant could formally respond to these and plaintiff's discovery concerns, plaintiff filed his first motion to compel on October 29, 2007. R. 7. As noted above, on October 30, 2007, the Court directed that the parties confer and attempt to resolve plaintiff's discovery issues.

On November 30, 2007, defendant formally supplemented his responses by providing specific page numbers as follows:

**Response to Document Request #6.** Defendant refers Plaintiff to Report of Investigation ("ROI") in this case at to ROI pages: 5 - 7, 10 - 13, 33 - 36, 38, 40, 165-171, 192-197, 202-203, 211-213, 231-232, 235-242.

**Response to Document Request #7.** Plaintiff is referred to the ROI pages: 6 - 7, 10-13, 35-36, 42-44, 145-151, 228.

See Attachment 3. Defendant continued to supplement his responses to plaintiff's written discovery in at least two additional supplemental transmissions and in a letter dated January 8, 2008. Attachment 4-6. Each time, defendant reiterated that "all of the documents presently known to defendant that are responsive to these document requests [Request for Documents Nos.

3

Attachment 7

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL E. LIPSCOMB,        )
                               )
          Plaintiff,     )
                               )
           v.          )     C.A. No. 1:07CV00103 (JDB)
                               )
DONALD C. WINTER,         )
Secretary of the Navy,      )
                               )
          Defendant.   )

## DEFENDANTS' RESPONSES TO
## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

COMES NOW the Defendant Donald C. Winter, Secretary of the Navy, by and through undersigned counsel, and responds to Plaintiff's Interrogatories to Defendant, pursuant to Rule 34 of the Federal Rules of Civil Procedure.

I.      PRELIMINARY STATEMENT:

The information supplied in these responses is the information currently available to the attorneys for Defendant through due diligence, and Defendant therefore reserves the right to supplement or modify these answers should additional information become available through Defendant's continued work on this case. If additional information is located that is responsive to these Interrogatories, Defendant reserves the right to assert such privileges and objections to discovery as may be appropriate.

II.     GENERAL OBJECTIONS:

*Attachment 7*

Defendant responds to these Interrogatories subject to the accompanying objections, without

waiving and expressly preserving all such objections. Defendant also submits the answers to

these Interrogatories subject to, without intending to waive and

expressly preserving any objections as to competency, relevancy, materiality and

admissibility of any of the answers.

Defendant objects to these Interrogatories to the extent that Plaintiff seeks

information protected by the attorney work product doctrine and/or privileged attorney-client

communications or any other applicable privilege. Defendant further objects to the

Interrogatories to the extent Plaintiff seeks or purports to impose upon Defendant obligations

other than those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of

the United States District Court for the District of Columbia. Defendant's obligation to

respond to these interrogatories is prescribed by, and Defendant hereby responds in

accordance with, the Federal Rules of Civil Procedure and the Local Rules of the United

States District Court for the District of Columbia.

Each and every Interrogatory answer is made subject to the foregoing General

Objections, regardless of whether a General Objection or specific objection is stated in the

answer.

III.    RESPONSES TO INTERROGATORIES:

**1. Consistent with instruction (d) above, identify all persons promoted to a GS-11 in Plaintiffs office since 1997.**

Defendant objects to this request as overly broad, not relevant and not reasonably calculated

to lead to the discovery of admissible evidence.  This request is not relevant to the

extent that Plaintiff's discrimination complaint concerns a promotion he sought in 1997, and

therefore any events following the alleged discrimination are not relevant to his claim.

Without waiving said objections, Plaintiff is directed to review documents in the Report

of Investigation ("ROI") detailing promotions of K1 employees from October 1, 1997,

through September 30, 1999, which is located within the ROI at pages 50-53. The ROI is

already in Plaintiff's possession.

**2. With respect to the individuals provided in answer to #1 above, provide their [a] ethnicity, [b] skin color, [c] years of service in the agency, [d] years of experience in Plaintiff's office, [e] years of post-high school education, [f] years at the next lower grade before getting the promotion, [g] reason(s) they were promoted, and [h] who recommended them for a promotion.**

See Response to Interrogatory No. 1, above. Defendant also notes that the agency does not maintain specific information in aggregate form as requested in Nos. (e) through (h).

**3. Identify all individuals provided in answer to #1 above that received any training or guidance, formally or informally, from Plaintiff.**

Defendant objects to this request as overly broad, vague, and as neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. This request is not

relevant as Plaintiff's discrimination complaint does not address any allegations regarding

training. This request is vague in that it does not set out the criteria with which to define

"training" in the context of the interrogatory. Without waiving any of the above objections,

Defendant is unaware of any specific employees who have received training or guidance

form Plaintiff, either formally or informally, at this time. Additionally, see Response to

Interrogatory No. 1, above.

**4. Why has Plaintiff not been promoted to a GS-11 when his supervisor recommended such in October 1997?**

Defendant objects to this request as overly broad and non-specific. Defendant has not agreed to or stipulated that Plaintiff's supervisor recommended that Defendant be promoted to a GS-11 position in 1997. Without waiving said objections, Plaintiff was not promoted to a GS-11 position in 1997 because Rear Admiral Ellis, the Commandant of Naval District Washington, had indicated that he would not approve Plaintiff's promotion to GS-11 because Plaintiff had been personally barred from RADM Ellis' quarters by the Admiral himself for issues relating to Plaintiff's competence. See also ROI at 7 and 33.

**5. Identify all Caucasians since 1990 in Plaintiff's office who were not promoted when their supervisor recommended their promotion and gave them an "Outstanding" rating.**

Defendant objects to this request as overly broad, unduly burdensome, and as calling for information Defendant is unable to provide. This Interrogatory requests information which is clearly well beyond the scope of this litigation in that Plaintiff has not raised any issues relating to promotion between 1990 and 1997. To the extent that this Interrogatory calls for information regarding promotions between 1990 and 1997, Defendant presently has no records responsive to this interrogatory, except for those contained in the ROI at 152-154. To the extent that this Interrogatory calls for information regarding promotions since 1997, Defendant has no records. Moreover, Defendant agency does not keep Performance Appraisal Review Documentation for more than four years from the date an employee leaves federal service, as per SECNAVINST 12772.1 at 5 (attached), and therefore is unable to determine what rating employees who worked in Plaintiff's office received if they have not worked for Defendant within the last four years.

**6. How many Caucasians, in Plaintiff's office, have the same number of years and experience as Plaintiff but have been deprived of a recommended promotion?**

Defendant objects to this request as overly broad, vague and because it calls for a factual

conclusion that employees were "deprived" of a recommended promotion. This request does

not adequately limit the scope of employees by objective means, but rather requests

information regarding a nebulous group of Caucasian employees based on their relation to

Plaintiff. Furthermore, as stated, this request calls for Defendant to conclude that Plaintiff

was "deprived" of a promotion. Promotion, non-competitive or otherwise, is not a right and

therefore it is not possible to "deprive" an employee of a recommended promotion. See

HROWASHDC MERIT PROMOTION INSTRUCTION 12335.IF at 6, ROI at 259

("Employees are not entitled to promotion at any time and no promise of promotion is

implied by selection to a career ladder position."). Additionally, this interrogatory calls for

Defendant to accept specific, unsupported assumptions contained within the Interrogatory

itself in order to respond, including the assumption that Plaintiff was deprived of a

recommended promotion.

**7. How many Caucasians, in Plaintiff's office, have trained people formally or
informally and the very ones trained have been promoted to a higher grade, in the same
office, than the Caucasians who trained them?**

Defendant objects to this request as vague, overly broad, unduly burdensome, not

relevant and not reasonably calculated to lead to the discovery of admissible evidence. This

request is vague in that it neither sets out the criteria with which to define "trained" in the

context of the interrogatory nor clearly explains who "the very ones trained" refers to. This

request is overly broad in that it does not adequately limit the scope of employees by

objective means (see Defendant's Response to Interrogatory No. 6, above) and fails to limit

the scope of the interrogatory to a specific period of time. This request is unduly

burdensome as the information requested regarding formal and informal training is not kept

by Defendant and therefore would require an extensive investigation by Defendant in order

to determine who participated in training other employees and in what capacity.

Additionally, this interrogatory calls for Defendant to accept specific, unsupported

assumptions contained within the Interrogatory itself in order to respond, including the

assumption that Plaintiff was involved in training, and therefore it is not clear how a

response to this request would be relevant to Plaintiff's case. See Defendant's Response to

Interrogatory No. 3, above.

**8. Identify all people, since 1997, in Plaintiff's office who received any kind of a promotion.**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence. This request is overly broad in

that it does not adequately limit the scope of responsive answers. This request is not

reasonably calculated to lead to the discovery of admissible evidence in so far as it calls for

Defendant to identify people who were promoted regardless of their similarity to Plaintiff

regarding Grade level, employment function or any other matter, and beyond the date

identified by Plaintiff as when the alleged discrimination took place. Without waiving said

objections, Plaintiff is referred to Response to Interrogatory No. 1, above.

**9. Identify, consistent with instruction "d" above, the individuals listed in "Plaintiffs Rule 26 Disclosures", part "A" (with the exception of Ms. Pamela Lipscomb). For all of the individuals you are incapable of giving instruction "d" information for, provide all information in your possession on there whereabouts, including but not limited to the address for mailing pension or retirement checks, address for forwarding property or correspondence, address for making any contact with them whatsoever, address the Office of Personnel Management has presently on file for them, etc.**

Defendant objects to this request as it calls for information already provided to Plaintiff, is overly broad, vague, asks for information Defendant is not privy to, is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant has already provided Plaintiff with all information responsive to this interrogatory currently available to Defendant in Defendant's Initial Disclosure Statement. Furthermore, Defendant is not aware of what, if any, relevance the following listed individuals have or who they are: [10] Mr. Blanton; [13] Ms. Sharon Reynolds; [14] Ms. Cindy Lilly; [16] Ms. Susan Spencer; [17] Ms. Connie Clausen; [19] Ms. Pat Green; [20] Ms. Clancy Weaver; [21] Mr. John Dreswick; [22] Ms. Karen Thorton; [23] Mr. Terrance Vanhook; and [24] Ms. Courtney Graham. Additionally, [1] Mr. Michael E. Lipscomb, is the Plaintiff himself who should be best able to answer this interrogatory. To the extent that any of these individuals are current or former government employees, Plaintiff must fully identify their employing agency and Defendant may not release information relating to them except in accordance with the Privacy Act. If Defendant becomes aware of additional responsive information not currently provided in this response, Defendant will timely provide said information to Plaintiff's counsel.

**10. Identify all Caucasians in Plaintiff's office who were transferred and deprived of a recommended promotion due to one complaint about their work.**

Defendant objects to this request as vague, overly broad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. This request is vague as it does not define what constitutes "transfer" or "one complaint about their work." This request is overly broad in that it does not adequately limit the scope of employees by objective means (see Response to Interrogatory No. 6, above) and fails to limit the scope of the interrogatory to a specific period of time. This request is not relevant in that Plaintiff was not transferred

or "deprived" of a promotion due to a single complaint about his work, and therefore would

not lead to discoverable evidence as any responsive answer would not be comparable to

Plaintiff and a response to this request would not be relevant to Plaintiff's case.

Additionally, this interrogatory calls for Defendant to accept specific, unsupported

assumptions contained within the Interrogatory itself in order to respond, including the

assumption that Plaintiff was transferred or deprived of a recommended promotion due to

one complaint about his work.  Defendant is presently unaware of any employees similarly

situated to Plaintiff who were treated differently from him.

**11. Identify all Caucasians in Plaintiffs office who were transferred and deprived of a recommended promotion due to an allegation of sexual harassment when the accuser refused to sign an Affidavit about such harassment, despite a request for such by the EEO Investigator.**

See Response to Interrogatory No. 10, above.

**12. Identify all male Caucasians in Plaintiff's office whose supervisor was accused of directing unsolicited, male-condemning, criticisms to them due to some problems a relative of that person had.**

Defendant can not formulate an answer to this Interrogatory because the question is

unclear.  This Interrogatory fails to define what constitutes the terms "unsolicited," "male

condemning," "criticisms," or "due to some problems a relative of that person had."

Additionally, this interrogatory calls for Defendant to accept specific, unsupported

assumptions contained within the Interrogatory itself in order to respond, including the

assumption that  Plaintiff's supervisor was accused of the conduct described in the

Interrogatory itself.  To the extent that Plaintiff is referring to his brother who is a convicted

rapist, Defendant is unaware of any other employees whose brothers are convicted rapists.

Should Plaintiff clarify this interrogatory, Defendant would be willing to attempt to further respond.

**13. How did Plaintiff make excessive telephone calls when no official limitation was placed on number of calls?**

Defendant can not formulate an answer to this Interrogatory because the question is unclear. This Interrogatory fails to state the basis for the conclusion that Plaintiff made excessive phone calls, that there was no official limitation on the number of phone calls, what policy Plaintiff refers to or what phone calls Plaintiff refers to. Defendant further objects as this is not an issue in the pending litigation in this matter and is therefore not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this interrogatory calls for Defendant to accept specific, unsupported assumptions contained within the Interrogatory itself in order to respond, including the assumption that Plaintiff made excessive phone calls and there was no official limitation on the number of calls Plaintiff was allowed to make. See Response to Interrogatory No. 10, above. Moreover, to the extent a response is required, all employees who abuse their phone privileges are required to reimburse the government to the extent the government is aware of such abuse.

**14. Why did the Defendant promote someone trained and/or taught by Plaintiff over him?**

Defendant objects to this request as vague, overly broad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. See Response to Interrogatory No. 7, above. Additionally, this request is vague as it fails to identify which individuals were allegedly trained by Plaintiff and/or promoted. Without information as to the identity of the employee this Interrogatory seeks information regarding, Defendant is unable to provide a

response as to why that employee was promoted. Additionally, this interrogatory calls for

Defendant to accept specific, unsupported assumptions contained within the Interrogatory

itself in order to respond, including the assumption that Plaintiff trained any other

employees. Should Plaintiff clarify this interrogatory, Defendant would be willing to attempt

to further respond.

**15. Identify the people in the GS-11 positions in Plaintiff's office.**

Defendant objects to this request as vague, overly broad, not relevant and not reasonably

calculated to lead to the discovery of admissible evidence. This request fails to limit the

scope of information requested to any specific time period. Furthermore assuming that

Plaintiff intends to inquire regards employees currently employed in GS-11 positions within

his office, it is unclear what relevant evidence, if any, will be obtained through this

interrogatory. To the extent that Plaintiff is referring to the employees employed by the Flag

Housing Department at the Anacostia Naval Station in 1997, based on information and belief

Defendant identifies Pamela Curry and Lester Greenwood.

**16. Of the individuals in GS-11 positions in Plaintiff's office, how many of them
physically work day-to-day in the office?**

Defendant objects to this request as not relevant and not reasonably calculated to lead to

the discovery of admissible evidence. Without waiving these objections, defendant states

that during the relevant period, all GS-11 positions worked in Plaintiff's office.

**17. Of the individuals provided in answer #15 above, who are they supervising to do
the physical day-to-day work in the office?**

Defendant objects to this request as not relevant and not reasonably calculated to lead to

the discovery of admissible evidence. Without waiving these objections, defendant states

that during the relevant period, all GS-11 positions worked in Plaintiff's office. Therefore,

there is no responsive information to this interrogatory.

**18. Of the individuals provided in answer #15 above, why are they not physically in the office?**

Defendant objects to this request as not relevant and not reasonably calculated to lead to

the discovery of admissible evidence. Without waiving these objections, defendant states

that during the relevant period, all GS-11 positions worked in Plaintiff's office.

**19. Of the individuals provided in answer #15 above, how long have they been physically out of the office?**

Defendant objects to this request as not relevant and not reasonably calculated to lead to

the discovery of admissible evidence. Without waiving these objections, defendant states

that during the relevant period, all GS-11 positions worked in Plaintiff's office.

**20. When was Plaintiff transferred out of the office he occupied in 1997?**

Defendant objects to this request as vague, overly broad, not relevant and not reasonably

calculated to lead to the discovery of admissible evidence. To the extent that this

interrogatory requests information regarding Plaintiff's transfers within the Housing

Department: effective November 7, 1999, Plaintiff was detailed to the customer support

division in the Housing Department at Naval Support Activity (NSA) Washington, for a

period not to exceed 90 days. See ROI at 156 for documentation supporting this response.

Plaintiff was transferred from Flag Housing to Housing Referral, both within the Housing

Department, in or about December, 1999. See ROI at 62-63. The ROI is already in

Plaintiff's possession.

**21. Why was Plaintiff transferred out of the office he occupied in 1997?**

Defendant objects to this request as vague, overly broad, not relevant and not reasonably

calculated to lead to the discovery of admissible evidence. To the extent that this

interrogatory requests information regarding Plaintiff's transfers within the Housing

Department, Plaintiff was reassigned from Flag Housing to Housing Referral because

complaints regarding Plaintiff's work which were received from customers, Plaintiff's co-

workers, and individuals in the Plaintiff's chain of command. See ROI at 33-36.

**22. When an employee in Plaintiff's 1997 office and his present office receives an
"Outstanding" rating and a recommendation for a promotion, what formal or official
reason(s) exists to deny such promotion?**

Defendant objects to this request as vague, overly broad and calls for speculation.

Presently there is no "Outstanding" rating used in the employee evaluation process. Without

waiving said objections, merit promotion within Plaintiff's office is governed by, 5 USC

§7106, 5 CFR §335.102 and 5 CFR §335.103 (attached) regarding Merit Promotion

requirements, as well as HROWASHDC MERIT PROMOTION INSTRUCTION 12335.IF,

located in the ROI at pages 249-285, as well as referenced above in Response to

Interrogatory No. 6, above.

**23. What documented reason existed for denying Plaintiff his GS-11 promotion in
1997 when he received an "Outstanding' rating and recommendation for such
promotion?**

See Response to Interrogatory No. 4, above.

**24. From 1997, why did Plaintiff's new supervisor, Ms. Glenda Brown, continuously
criticize Plaintiff about matters he was never criticized for before her arrival.**

Defendant can not formulate an answer to this Interrogatory because the question is

unclear and states facts that are disputed. It fails to state the basis for the conclusion that

Plaintiff's supervisor continuously criticized Plaintiff, fails to define the "matters" Plaintiff

was allegedly criticized about, or that Plaintiff was never criticized about said matters prior

to 1997. Defendant further objects to this request as vague in that it does not identify

specific criticism responsive to the interrogatory. This interrogatory calls for Defendant to

accept specific, unsupported assumptions contained within the Interrogatory itself in order to

respond, including the assumptions that Plaintiff was "continuously criticized" by Ms.

Glenda Brown after she arrived in 1997, and that if Plaintiff did receive criticism following

Ms. Brown, he had not been previously criticized for the same or similar matters, both of

which are issues at question in this litigation. See Response to Interrogatory No. 6, supra.

**25. From 1997, why did Ms. Glenda Brown continuously find negatives in the work of Plaintiff who was both [I] rated "Outstanding" and [ii] recommended for a promotion, immediately prior to Ms. Brown's arrival.**

Defendant can not formulate an answer to this Interrogatory because the question is

unclear and states facts that are disputed. Defendant further objects to this request as vague

in that it does not identify specific "negatives in the work of Plaintiff" responsive to the

interrogatory. Additionally, this interrogatory calls for Defendant to accept specific,

unsupported assumptions contained within the Interrogatory itself in order to respond,

including the assumption that Ms. Glenda Brown continuously found negatives in the

Plaintiff's work after she arrived in 1997, an issue at question in this litigation. See Response

to Interrogatory No. 24, *supra.*

Respectfully submitted,

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

Isaac J. Natter, Esq.
Assistant Counsel
U.S. Department of the Navy
Naval District Washington
Bethesda Branch
National Naval Medical Center

Attachment 8

0114partial.TXT

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - -x

MICHAEL E. LIPSCOMB,            :

            Plaintiff,          :

        vs.                     : Civil Action No.

SECRETARY OF THE NAVY,          :  07-0103 (JDB)

            Defendant.          :

- - - - - - - - - - - - - -x

DECLARATION OF CATHY JARDIM, COURT REPORTER

I was the court reporter for the deposition of
Pamela Lipscomb, taken on Monday, January 15, 2008.
After the conclusion of the deposition, and after
going off the record, AUSA Claire Whitaker attempted
to engage Mr. Jones in a discussion of what documents
he needed or what issues were going to be the subject
of motions discussed with the Court.  Mr. Jones would
only say, "Put it in writing."  He thanked me several
times for my services, but he would not speak to Ms.

2

Whitaker further.  She asked him many times if he
would call her to discuss outstanding issues or give
her a time when he would be available to discuss

0114partial.TXT

these issues before the January 17 conference in

court, but he would not answer her. Ms. Whitaker

then asked to go back on the record and what follows

is that transcript.

3

(Partial transcript of deposition of Pamela Lipscomb,

taken on 01-14-08.)

     (Discussion off the record.)

     MS. WHITAKER:   Are you going to call me?  I

would like to put it on the record, Mr. Jones, that

you are going to call me tomorrow.  Is that correct?

     MR. JONES:  I may email you today.

     MS. WHITAKER:   I don't want an email, I

would like to have a telephone conversation because

we are supposed to be exchanging information.

     MR. JONES:  I have your card, and we will

wait to hear from you, Ms. Whitaker.

     MS. WHITAKER:  So are you saying you are not

going to call me tomorrow, we are not going to have

an exchange of information?

     MR. JONES:  I am not saying anything.  You

are doing all the talking.  I am not saying anything.

     MS. WHITAKER:  I cannot get in touch with

you unless you choose to get in touch with me.  I

have tried.  I am just asking, will you call me

tomorrow?

     MR. JONES:  I will be in touch with you, if

4

0114partial.TXT

not later today, by tomorrow.

       MS. WHITAKER: By telephone?

       MR. JONES:  I didn't say that.  I said I

will be in touch with you.

       MS. WHITAKER:  That is probably good enough.


       (Whereupon, at 3:19 p.m., the taking of the

deposition was concluded.)

 

                             5


CERTIFICATE OF NOTARY PUBLIC


      I, CATHY JARDIM, the officer before whom the
foregoing deposition was taken, do hereby testify
that the witness whose testimony appears in the
foregoing deposition was duly sworn by me;  that the
testimony of said witness was taken by me
stenographically and thereafter reduced to a
transcript under my direction; that said deposition
is a true record of the testimony given by the
witness; that I am neither counsel for, nor related
to, nor employed by any of the parties to the action
in which this deposition was taken; and further, that
I am not a relative or employee of any attorney or
counsel employed by the parties hereto nor
financially or otherwise interested in the outcome of
the action.


                            _____

                             Cathy Jardim


Notary Public in and for the
District of Columbia

My commission expires:
July 31, 2012

0114partial.TXT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL E. LIPSCOMB,       )
                              )
               Plaintiff,     )
                              )
           v.             )     C.A. No. 1:07CV00103 (JDB)
                              )
DONALD C. WINTER,        )
Secretary of the Navy,       )
                              )
             Defendant.   )
_____)

ORDER

UPON CONSIDERATION of Plaintiff's <u>Second</u> Rule 37 Motion to Compel, defendant's

response thereto, and after a review of the filings by the parties, it is this _____ day of

_____, 2008

ORDERED, that said motion be and hereby is denied.

_____
UNITED STATES DISTRICT JUDGE