**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAEL E. LIPSCOMB,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 07-0103 (JDB) |
| **DONALD C. WINTER,** | * | |
| Secretary of the Navy, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REPLY TO DEFENDANT'S REPLY
AND RESPONSE TO PLAINTIFF'S CROSS MOTION**

Mr. Michael E. Lipscomb, Plaintiff, by and through his counsel, Rev. Rickey Nelson Jones, pursuant to Fed.R.Civ.P, Rule 7(d), hereby replies to Defendant's reply and response to Plaintiff's cross motion.

<u>Plaintiff's Pending Motion To Not Accept Defendant's Reply and Response to CM</u>

On March 24, 2008, Plaintiff filed a motion requesting the court to not accept Defendant's late reply and response to cross motion.  The basis for the request was two requests for last minute extensions by Defendant, which Plaintiff opposed.  This court granted both extensions as requested, but nonetheless, Defendant took more time than the rules or this court allowed.  Nearly a week after the second extension, Defendant filed its reply and response.

Plaintiff has maintained and continues to maintain that Defendant has ignored the rules of procedure (Plaintiff's Rule 37 Motions) and now even ignores Court Orders.  Plaintiff, to this day, has not received discovery he was entitled to and has been made to file his pleadings timely while Defendant files pleadings whenever it wants to with seemingly impunity.  Plaintiff requests that this court hold Defendant responsible for its actions, i.e., late actions.

Regarding Defendant's argument against Default Judgment in its Reply and Response, page 12, Plaintiff Response And Cross Motion, pages 18-21, address his position thoroughly and he stands on that as responsive to Defendant's latest position.

2

Plaintiff Counters Defendant's Statement of Facts

  Local Rule 7(h) states clearly as follows, "In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, **unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.**"

  Plaintiff countered Defendant's statement of facts with his own "Undisputed Facts" section, with citations to documentation. Defendant seems to believe that one can counter statements of facts in only one way, namely, sentence by sentence. That is not required.

  Since most of Defendant's statement of facts do not counter Plaintiff's "Undisputed Facts," where there is disagreement, it is obvious. The following paragraphs demonstrate such.

  When Defendant states in paragraph 1 of its statement of facts that "Plaintiff's claims before this Court consist of an alleged nonpromotion on 4/21/99,....", that is clearly countered by Plaintiff in paragraph 8 of his "Undisputed Facts" by demonstrating that March 4, 1999 was the day he was informed by Ms. Brown that his pending promotion was not forthcoming, and consequently, he made contact with an EEO Counselor later that month. Defendant mistakenly uses an April 1999 date when Plaintiff provided details of the discrimination for the date discrimination is acknowledged. It was acknowledged in March 1999, satisfying all procedural requirements.

  When Defendant states in paragraph 12 of its statement of facts that "In 1998, Plaintiff's performance began to deteriorate...." that is countered by Plaintiff in paragraphs 5, 6, and 21-25 of his Response and Cross Motion (hereinafter "PRCM") by showing how his supervisor prejudicially sought minor things to criticize about Plaintiff that he had never been criticized on before, based the criticism on matters inconsistent

3

with policy, and even embarked on a search to get negative information about Plaintiff from others.

When Defendant states in paragraph 15 of its statement of facts that "Neither Plaintiff nor any other employees were disciplined for their excessive phone usage, although some, including Plaintiff were counseled,...." that is countered by Plaintiff in paragraph 12 of PRCM by showing that there was <u>no</u> policy limiting the number of telephone calls and hence there could be no excessiveness, and noting Plaintiff's evaluation file and using such to label him as incapable of doing his job and in need of reassignment (and getting reassigned) **is adverse** employment action.

When Defendant states in paragraph 16 of its statement of facts that "On or around March 4, 1999, a female mess steward, MS2 Denise Arthur accused Plaintiff of sexually harassing her in ADM Nelson's residence...., that is countered by Plaintiff in paragraph 20 of PRCM by showing that Ms. Arthur did not initiate any accusation but ADM Nelson's wife did, and when the investigator sought an Affidavit from Ms. Arthur about this allegation, she refused to provide one.

When Defendant states in paragraph 17 of its statement of facts that "The investigation did not reach formal conclusions, and Plaintiff was not disciplined for the alleged misconduct...," that is countered by Plaintiff in paragraph 20 of PRCM by showing that Plaintiff was reassigned and this allegation was instrumental in such.

To wit, Defendant's statement of facts is forcefully controverted, with documentation, in the following sections of PRCM: "Undisputed Facts," "The Disparate Treatment & Basis for Cross Motion," and "The Hostile Environment & Basis for Cross Motion."

<u>Timeliness of Discrimination Claims</u>

On pages 2-7 of Defendant's Reply and Response, it argues at length that [a] no evidence exist that Plaintiff sought and was denied a promotion in or about April 1999,

[b] Plaintiff did not seek counseling for a 1999 nonpromotion, and [c] Plaintiff admitted in his deposition that he did not seek a promotion on April 21, 1999.  Defendant ignores the obvious or is confused.

[a]

In paragraphs 7 and 17 of PRCM, as well as page 9 of PRCM, it is documented and clear that according to Plaintiff's supervisor, his 1999 promotion was pending due to Plaintiff continuing to seek it.  Defendant's decision to obtain another affidavit from Ms. Brown this month (nearly ten years later) which counters her affidavit near the time of her decision shows how untrustworthy she really is.  It also highlights how reasonable the probability is of discrimination in this case (where the evidence is not direct).

[b]

Plaintiff sought counseling in 1999 due to the discrimination in not promoting him in 1999.  He did not seek counseling or file a formal complaint earlier because he was assured he would be promoted to a GS-11.  When Ms. Brown informed him he would not be promoted in 1999, he sought counseling and filed a formal complaint.  What is unclear about that?  [1] Plaintiff constantly seeking a promotion (pg. 9 of PRCM), [2] Plaintiff's supervisor's sworn acknowledgment that Plaintiff's promotion was pending in 1999 (pg. 9 of PRCM), and [4] Plaintiff putting in writing in his **1999** Formal Complaint of Discrimination "I was denied my promotion from GS-1173-09 to GS-1173-11",  all make it clear that Defendant is incorrect in arguing Plaintiff did not seek a 1999 promotion.  **VERY, VERY,** significant is the need for clarity about this promotion business.  Defendant has argued that Plaintiff did not compete for the GS-11 position his Caucasian trainee received.  Competing for a GS-11 promotion (as opposed to a GS-11 position) was not required for Plaintiff.  The position he occupies is a career ladder position with promotion potential to a GS-11.  Hence, when he was recommended for the GS-11 in 1997 and had already performed "Outstanding," he was

entitled to it.  Therefore, he constantly sought it and it was, indeed, pending.  When Plaintiff trained a Caucasian for another GS-11 position and she received it, certainly Plaintiff was qualified for his GS-11 promotion in his current position, to say nothing of the one given to the Caucasian he trained.

[c]

While Plaintiff indicated in his deposition that he did not seek a promotion in April 1999, that does not negate the fact that he sought, wanted, and had pending his promotion in March 1999.  Such is evidenced by his March 1999 contact with an EEO Counselor about discriminatory non-promotion when his supervisor told him, in March 1999, that his promotion was not forthcoming.  In Defendant's Motion to Dismiss or for Summary Judgment, it stated that no GS-11 promotions were available in 1999.  PRCM completely refuted that by presenting Plaintiff's temporary GS-11 promotion in 1999.  Now, Defendant argues the GS-11 promotion given to Plaintiff's Caucasian trainee was not fulfilled until 2000.  However, it was the same 1999 GS-11 position Plaintiff occupied on a temporary basis.  Hence, the fact that it was given a few months later to a Caucasian Plaintiff trained does not eliminate the discriminatory nature of it.  Most significant is how such exposes the discriminatory nature of not promoting him to a GS-11 in his career ladder position (for which there was no competition).

<u>The Criticisms' Effect and Reassignment **Were** Adverse Employment Actions</u>

On pages 8-10, Defendant argues that the treatment of Plaintiff did not constitute adverse employment action.  However, in paragraphs 12-20 of PRCM, this argument of Defendant was countered and documented.  The series of unprecedented, government-rule-violating, criticisms which deprived Plaintiff of [a] his normal duties, [b] a recommended promotion, and [c] saturated his employment file with repeated unjustified and unnecessary negative comments, effectively killing his honorable employment record and chance of receiving a promotion urged for him years earlier,

6

falls squarely in the category of "changes in assignments" and "materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities." Forkkio v. Powell, 306 F.3d 1127 (D.C. Cir. 2002). The only way Defendant cannot see how bleak Plaintiff's present and future employment conditions and opportunities are is to deliberately ignore them.

Hostile Work Environment

On pages 10-11, Defendant argues that Plaintiff presents only two events occurring after March 5, 1999, namely, reassignment and the investigation regarding the allegation of sexual harassment. Of course, this is incorrect.

Plaintiff's Complaint, from paragraph 12 to its conclusion, relates incidents which commenced in March 1999. They all present the unjustified, government-rule-violating, criticisms, sex discrimination, and hostile environment Plaintiff was subjected to.

Regarding the reassignment and investigation for sexual harassment, even Defendant admits on page 11 of its Reply and Response that the latter was used to institute the former. Since the investigation should have never occurred, as explained in PRCM, pages 15 and 16, to use it to reassign Plaintiff was illegitimate and hence incapable of being a legitimate non-discriminatory reason for the Agency's action.

**WHEREFORE,** Plaintiff respectfully requests that the relief outlined on page 22 of PRCM be granted.[1]

---

[1] Plaintiff is aware of Defendant's implications that he and his counsel are misleading the court. While it is understandable how troubling it is for the Defendant to see unlawful behavior of its employees exposed, it should not lead counsel for Defendant to make false accusations. Nothing the Plaintiff has presented to the court is misleading because it is all TRUE. For example, in the Defendant's Statement Addressing Plaintiff's Undisputed Facts ("DSAPUF"), it says the following in paragraph 5, "Defendant submits that Plaintiff's failure to disclose this change in the Agency's performance ratings systems is a seriously misleading omission." Plaintiff cannot be misleading when he shares truth. When Ms. Brown arrived, Plaintiff had an "Outstanding" rating. The "Acceptable" ratings thereafter (even on a pass/fail

7

                                        /s/
Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey
    Nelson Jones, Esq.
3rd Floor — Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
Bar #: MD12088

*Attorney for Plaintiff*

---

system) were downward movement because they both were accompanied by terribly negative notations in the evaluation, namely, "he is failing to complete simple tasks in all elements" and "he is performing at an unacceptable level." This is downward from "Outstanding" with all positive notations in the evaluation. One other example of Defendant making such statements is paragraph 8 in DSAPUF. It says, "Disputed. Plaintiff's own testimony was that after 1998, he didn't put in any more for a promotion. R.19, Attachment 2, p. 44, lines 6-9" That is a false statement according to the deposition lines quoted. Plaintiff did not utter "he didn't put in any more for a promotion."