UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL A. LIPSCOMB,

    Plaintiff,

    v.

RAYMOND E. MABUS, Jr.,[1]
Secretary of the Navy,

    Defendant.

Civil Action No. 07-0103 (JDB)

**MEMORANDUM OPINION**

Michael Lipscomb alleges that the Department of the Navy discriminated against him on the basis of his race by, among other things, refusing to promote him on several occasions from a GS-9 to a GS-11 position. This Court previously granted the Navy's motion for summary judgment, but the D.C. Circuit sua sponte remanded Lipscomb's nonpromotion claims for reconsideration in light of the subsequent passage of the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (2009). The Navy has now filed a renewed motion to dismiss or, in the alternative, for summary judgment on the nonpromotion claims. For the reasons stated below, the Court will grant the Navy's motion.

**BACKGROUND**[2]

Lipscomb, an African-American working as a GS-9 in the Navy's housing office, was denied two "career ladder" promotions to GS-11 in October 1997 and October 1998. See Def.'s

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court automatically substitutes Raymond E. Mabus, Jr. for his predecessor as Secretary of the Navy, Donald C. Winter.

[2] The facts of this case are fully set forth in this Court's previous opinion, see Lipscomb v. Winter, 577 F. Supp. 2d 258, 262-67 (D.D.C. 2008), and will be repeated only as necessary.

Mot. to Dismiss or for Summ. J. ("Def.'s Mot.") [Docket Entry 19], Ex. 2 (Dep. of Michael Lipscomb, 37:9-39:17; Def.'s Reply in Supp. of Mot. [Docket Entry 35], Ex. A (Decl. of Glenda Brown), ¶ 3.[3] In March 1999, Lipscomb told an Equal Employment Opportunity ("EEO") counselor that he believed these nonpromotions were discriminatory, and in June he filed a formal EEO complaint. See Def.'s Mot., Ex. 3 (EEO Complaint).

After the Equal Employment Opportunity Commission ("EEOC") rejected Lipscomb's complaint, see Compl., Ex. A (EEOC Decision), he filed suit in this Court, alleging, among other things, discriminatory nonpromotion. In addition to the 1997 and 1998 claims of nonpromotion set forth in his EEO complaint, Lipscomb identified three other allegedly discriminatory nonpromotions to GS-11 in 1999 and 2000. See generally Lipscomb, 577 F. Supp. 2d at 266-67.

The Court granted the Navy's motion for summary judgment on all counts. As to Lipscomb's claims of discriminatory nonpromotion in 1997 and 1998, the Court found that Lipscomb had failed to contact an EEO counselor within 45 days of the incidents, as required by regulation. See id. at 273-74. And addressing Lipscomb's assertions of discriminatory nonpromotion in 1999 and 2000, the Court concluded that Lipscomb never presented these allegations to the EEOC, and thus could not pursue them in district court. See id. at 270-73.[4] Lipscomb appealed to the D.C. Circuit, which summarily affirmed this Court except as to

---

[3] Candidates for career ladder promotions are not compared and ranked against each other. Rather, they are promoted when they "demonstrate the ability to perform at the next higher grade level, meet regulatory and qualification requirements, and there is enough work at the full performance level for all employees in the group." Def.'s Mot., Ex. 7 (Merit Promotion Procedures Manual), 1.

[4] The Court dismissed Lipscomb's remaining claims -- which did not concern his nonpromotions -- on other grounds.

Lipscomb's claims of discriminatory nonpromotion.  See Lipscomb v. Winter, No. 08-5452, 2009 WL 1153442, at *1-2 (D.C. Cir. 2009) (per curiam).  As to those claims, the Court sua sponte ordered that they "be remanded to the district court for further consideration in light of the Lilly Ledbetter Fair Pay Act of 2009."  Id. at *1.  Following the D.C. Circuit's remand, Lipscomb filed a "petition pursuant to the Court of Appeals' decision remanding to the district court," apparently asking this Court to reverse its grant of summary judgment on Lipscomb's nonpromotion allegations.  See Pl.'s Pet. [Docket Entry 43].  The Navy subsequently filed a renewed motion to dismiss or for summary judgment, urging this Court to reaffirm its earlier ruling.  See Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J. [Docket Entry 44].

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The moving party may successfully support its motion by identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" which it believes demonstrate the absence of a genuine issue of material fact.  Fed. R. Civ. P. 56(c)(2); see also Celotex, 477 U.S. at 323.

In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position.  Id. at 252.  By pointing to

the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment. Celotex, 477 U.S. at 322. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). Summary judgment is appropriate if the non-movant fails to offer "evidence on which the jury could reasonably find for the [non-movant]." Id. at 252.

## DISCUSSION

The only question before the Court is whether the Lilly Ledbetter Fair Pay Act of 2009 revives Lipscomb's nonpromotion claims that this Court previously concluded were time-barred. The Lilly Ledbetter Act amends Title VII of the Civil Rights Act of 1964 to state that

> an unlawful practice occurs, with respect to discrimination in compensation in violation of [Title VII], when a discriminatory compensation decision or other practice is adopted, when a person becomes subject to a discriminatory compensation decision or other practice, or when a person is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e-5(e)(3)(A). "In other words, each paycheck resulting from the original 'discriminatory compensation decision or other practice' triggers a new filing period, in effect reviving a claim that otherwise would have been time-barred because of a failure to exhaust administrative remedies . . . ." Johnson v. Dist. of Columbia, 632 F. Supp. 2d 20, 22 (D.D.C. 2009). Thus, if the Navy's decision not to promote Lipscomb was a "discriminatory compensation decision or other practice," the Act would revive any time-barred claims for nonpromotion.

The D.C. Circuit recently held, however, that a decision not to promote an employee is not a "discriminatory compensation decision or other practice" under the Lilly Ledbetter Act. See Schuler v. PricewaterhouseCoopers, LLP, 595 F.3d 370 (D.C. Cir. 2010). In Schuler, the

plaintiff argued that his employer's failure to promote him was a discriminatory compensation decision or other practice under the Lilly Ledbetter Act. According to him, because his salary still suffered from the continued effects of his employer's failure to promote him, the Lilly Ledbetter Act rendered timely his otherwise late-filed discrimination claims. The D.C. Circuit rejected this contention, holding that "the decision whether to promote an employee to a higher paying position is not a 'compensation decision or other practice' within the meaning of that phrase in the" Lilly Ledbetter Act. Id. at 375. The Lilly Ledbetter Act therefore "d[id] not revive [plaintiff's] claims" of discrimination. Id.; accord Barnabas v. Bd. of Trs. of the Univ. of the Dist. of Columbia, --- F.Supp. 2d ----, 2010 WL 692785, at *4 (D.D.C. 2010); see also Mikula v. Allegheny County, 583 F.3d 181, 186 (3d Cir. 2009) (per curiam).

So too here. Schuler establishes that the Navy's failure to promote Lipscomb to a GS-11 position was not a "discriminatory compensation decision or other practice." Hence, the Lilly Ledbetter Act does not render timely Lipscomb's allegations of nonpromotion.[5]

## CONCLUSION

For the foregoing reasons, the Court will grant the Navy's renewed motion to dismiss and will deny Lipscomb's petition. A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

---

[5] That Schuler involved a competitive promotion, while at least some of Lipscomb's allegations concern noncompetitive "career ladder" promotions, is of no moment. The D.C. Circuit was clear: "the decision whether to promote an employee to a higher paying position is not a 'compensation decision or other practice' within the meaning of that phrase in the" Lilly Ledbetter Act. Schuler, 595 F.3d at 375. The extent to which an employee is in competition to obtain a position is therefore irrelevant to the question whether the Lilly Ledbetter Act covers the employer's decision not to promote him.

Date: <u>March 30, 2010</u>